S. H. McRAE v. N. M. LAWRENCE, Adm'r.

In passing upon the credibility of a witness, even where no corruption is imputed, the jury must consider the intelligence of the witness, his means of knowledge, his interest, &c.: *Therefore,* it 'is error in the court, upon the trial of the cause, where there is conflicting evidence, to charge the jury that, " Both the witnesses are gentlemen, and it is purely a matter of memory."

Where but one issue is submitted to the jury, and the affirmative is upon the defendant, or where the affirmative of all the issues is upon the defendant, he has the right to open and conclude the argument.

CIVIL ACTION, tried before MOORE, J., at Spring Term, 1876, of PITT Superior Court.

The action was brought to recover upon certain promissory notes. The record sets out the evidence in the cause, but it is not necessary to an understanding of the case, as decided, that the same should be stated.

The following issue was submitted to the jury : " Have the notes sued on been paid ?"

Counsel for the defendant insisted that, as the defendant had to maintain the affirmative of this issue, he was entitled to open and close the argument. The Court ruled otherwise, and the defendant excepted.

His Honor charged the jury : " That both the witnesses were gentlemen, and that it was a pure matter of memory. That it was the duty of the defendant to make out the fact of payment."

There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.

*Howard & Perry,* for the appellant.
*Phillips,* contra.

READE, J. 1. In a popular government, where the people found their own institutions, elect their own officers, make their own laws, and assist in their execution, probably the quality in an officer next highest to those of capacity and integrity, is good manners, so to behave as to make himself respected and the government popular. The bearing of a Judge on the bench over the crowd, towards witnesses and parties and officers, ought to be such as to impress all with the feeling that the court-house has a high and refining atmosphere, that it is not a slaughter house of rights or reputations, but a place where these are declared and secured; and where there is such courteous behavior observed and enforced, that all are the better for its influence.

It was no doubt in that spirit that his Honor gave the charge complained of: "Both the witnesses are gentlemen, and it is purely a matter of memory."

Precisely what his Honor meant by "gentlemen," we do not know, nor is it necessary that we should. He certainly meant to tell the jury that both the witnesses, in so far as the jury need consider them, were just the same except in the particular of their memories. Now how would his Honor know that fact? In passing upon the credibility of a witness, even where no corruption is imputed, the jury must look to the intelligence of the witness, his means of knowledge, his relation to the parties, which may insensibly bias, as also may his interest in the question. Were these two witnesses the same in all these particulars? If they were, it was for the jury to find it out, and not for his Honor. He could not tell the jury that the witnesses were of the

same intelligence, had the same means of knowing the facts, had the same interest in the question, and the same relations with the parties.

Again, one of two witnesses where they differ, may be corrupt. And the party against whom his evidence is, may so insist before the jury. And his Honor cannot tell the jury that he is not corrupt, but that he is a "gentleman." His Honor would have kept within the rule if he had told the jury that to find against the testimony of either of the witnesses, did not necessarily impute corruption, as the memory might be at fault.

2. The general rule of practice is now, as it has always been, that when the defendant introduces evidence, the plaintiff is entitled to begin and to conclude the argument. And the rule has no exception in actions for unliquidated damages, or for libel, slander and injuries to the person. And so where there is any affirmative issue upon the plaintiff, although there may be many affirmative issues upon the defendant. But where there is but *one* issue and the affirmative is upon the defendant, or where the affirmative of *all* the issues is upon him, then he has the right to begin.

A useful test, stated by Mr. Archbold, is: "Suppose no evidence at all is given, who would be be entitled to the verdict? If the defendant, the plaintiff must begin; if the plaintiff, the defendant must begin."

As authority for what we have said, see Archbold's Nisi Prices. Introduction p. 4.; 1 Chitty's Practice, 872.

There is error.

Per Curiam.                    *Venire de novo.*