*B. C. MAYO and others v. CALVIN JONES and another.

*Will—Devisavit Vel Non—Burden of Proof—Insanity—Moral De-
basement—Right of Propounder to Open and Conclude.*

1. On the trial of an issue of *devisavit vel non*, the burden is upon the
caveator to prove the insanity of the testator.

2. On such trial the propounder has the right to open and conclude,
the burden of proving the formal execution of the will being upon
him.

3. Moral debasement is not necessarily and of itself insanity.

(*Wood* v. *Sawyer*, Phil. 251 ; *McRae* v. *Lawrence*, 75 N. C. 289 ; *State*
v. *Brandon*, 8 Jones 463, cited and approved.)

ISSUE of Devisavit Vel Non tried at Spring Term, 1877, of
EDGECOMBE Superior Court, before *Eure, J.*

The issue was,—" whether the said paper writing or any
part thereof, and if so what part, was the last will and testa-
ment of Mc. G. Jones." It was in evidence that the testator
was not a man of strong mind, and was suffering from
physical disease, but was competent to make a will, and
had given the directions to his counsel who wrote it, in an
intelligible manner. It was also in evidence that he was a
monomaniac about lewd women, publicly indulging in sex-
ual intercourse with them, disgustingly vulgar, and so ut-
terly devoid of moral qualities and feelings as to render him
morally a complete brute, was not susceptible to shame and
had no idea of the moral obligations of kinship. He was
pronounced insane by physicians who examined him about
eight months before he executed his will.

The plaintiffs (legatees and propounders) are the husband

---

* Smith, C. J. having been of counsel did not sit on the hearing of
this and the next case.

and children of a deceased sister of the testator, and the defendants (caveators) are his only brother and sister. The formal execution of the will was proved and no exception made thereto. The propounders opened and closed the evidence and the argument without objection. The Court in charging the jury said that the burden of proving the insanity as alleged was upon the caveators, and that they must satisfy the jury by preponderance of testimony. The caveators excepted to the charge, in that (1) His Honor erred in holding that moral debasement, and want of moral perceptions, and appreciation of the obligations of kinship, would not of themselves constitute insanity, and incapacitate one for making a will; (2) His Honor erred in holding the burden of proof to be on the caveators and not on the propounders; and (3) His Honor erred in permitting the propounders to open and conclude. Verdict and judgment for plaintiffs. Appeal by defendants.

*Mr. Fred. Phillips*, for plaintiffs.
*Messrs. Geo. Howard, J. L. Bridgers, Jr.*, and *Gilliam & Gatling*, for defendants.

READE, J. 1. On the trial of an issue *devisavit vel non*, is the burden of proving the sanity of the testator on the propounder? or is the burden of proving his insanity on the caveator? is the first question.

If any one is curious to see how the question is obscured and confounded by conflicting decisions in different States under different statutes and different rules of practice, he may consult 1 Redfield on Wills, § 4, and 1 Greenleaf's Ev. § 77, and the cases there cited.

We all know that sanity is the natural and usual condition of the mind, and therefore every man is presumed to be sane. *Wood* v. *Sawyer*, Phil. 251. Admitting that to be the general rule, it is insisted that an exception prevails in the probate of wills. Let us see if that is so in this State.

" No last will or testament shall be good or sufficient in law * * * unless such last will shall have been written in the testator's life time, and signed by him or by some other person in his presence and by his direction, and subscribed in his presence by two witnesses at least, no one of whom shall be interested in the devise or bequest of the estate." Bat. Rev., chap. 119, § 1. That is all that is required by the statute.

So, as to deeds, we have the following ; " No conveyance of land shall be good and available in law, unless the same shall be acknowledged by the grantor, or proved on oath by one or more witnesses," &c., Bat. Rev., ch. 35, § 1.

Now it will be seen that so far as the qualifications of the testator in a will, and the grantor in a deed are concerned, there is not the slightest difference. Nothing is said about the sanity, or insanity, or capacity, in either.

We would not be excused for citing authority or using argument to show that when a deed is to be proved, all that is necessary is to prove its formal execution. And if incapacity, fraud or other fault is alleged, it must be proved by him who alleges it.

There is, however, a difference in the *formal* probate of a deed for registration, and the *formal* probate of a will. A deed is proved by witnesses or acknowledged by the grantor for registration, for preservation and for notice, as a substitute for livery of seizin. But the formal proof of a will amounts to more than that. The Judge of Probate is authorized to take probate of a will in *common form* without notifying the persons interested ; and to qualify an executor and grant letters testamentary and to settle and distribute the estate among creditors and devisees and legatees. He is supposed to act for all parties, and the proceeding is *in rem.* He is expected to make such general inquiries as will protect the interests of all persons interested, and as such persons would make, if they were present, and as will

satisfy his own mind and conscience. And so he is required to write down the proof which he takes, and file it. And as a guide for him a formula of the oath of a subscribing witness is contained in the chapter on oaths, just as the form of an executor's oath is given. But the oath is not essential to the validity of the will, nor to its probate, either in common form or in solemn form. And the will may be proved although the witness be absent or dead, or where they swear directly the reverse of the prescribed oath. And at any rate the prescribed oath is intended exclusively for probates in common form, and is never used on the trial of an issue *devisavit vel non.*

When the Probate Judge takes probate of a will in common form, when there are no parties present to look after their interests, and he has the interests of all in his hands, it is just and proper that he should satisfy himself, not only of the formal execution of the will, but of the capacity of the testator, because the law attaches great solemnity to his action, and makes his record of probate conclusive as to all the world, until it shall be vacated by a competent tribunal. Bat. Rev. ch. 119, § 15.

But when the parties interested come forward and make an issue, and go before a jury to try the validity of the will, it takes precisely the same form, and is governed by the same rules as the trial of the validity of a deed, or any other instrument. And its formal execution being proved by the propounder as required by the statute, *supra,* whatever is alleged by the caveator in derogation, he must prove.

Most of the confusion and conflict of decisions upon the question has grown out of the fact, that the distinction between probate in common form and the trial of an issue *devisavit vel non* before a jury has not been observed.

2. The second question is;—The burden of proving insanity being on the caveator, may he not open and conclude ?

No.   The burden of proving the formal execution is on the propounder; and where there are several issues and the affirmative of any one of them is on the plaintiff, he begins and concludes.   *McRae* v. *Lawrence*, 75 N. C. 289.

3.   The third question is;—Did the testator's alleged moral debasement incapacitate him for making a will?

How far the moral debasement of the testator was *evidence* of insanity was proper for the consideration of the jury, and they had the benefit of all the evidence with proper instructions; and they found that it was not insanity. Moral debasement is unquestionably not necessarily, and of itself, insanity.   For it is a lamentable fact that the grossest immorality and considerable intelligence are found together. *State* v. *Brandon*, 8 Jones 463.

There is no error.   This will be certified.

Per Curiam.                    Judgment affirmed.