ANDREW SYME, Admr. v. N. B. BROUGHTON and others.

*Practice—Devisavit vel non—Right to open and Conclude— Witness.*

1. The trial of an issue of *devisavit vel non* is a proceeding *in rem* to which there are strictly no parties; and when upon the trial of such issue the caveators admitted the execution of the will according to the forms of law and that the testator was of age, leaving only the question of his sanity to be tried:—*It was held,* that the caveators were not entitled to open and conclude the case.

2. The fact that an attorney has had an interest in the event of a suit on account of the tax-fee, does not disqualify him under C. C. P., §343, from testifying as to a transaction or communication with a person deceased.

(*St. John's Lodge* v. *Callender,* 4 Ired., 335; *Mayo* v. *Jones,* 78 N. C., 402; *McRae* v. *Lawrence,* 75 N. C., 289, cited and approved.)

ISSUE of *devisavit vel non* tried at January Term, 1880, of WAKE Superior Court, before *Avery, J.*

On the trial the controversy was as to which of two paper writings, one dated the 17th of July and the other dated the 11th of July, 1876, was the last will and testament of W. G. Lougee, deceased.

By the paper writing of July 17th Carolina Broughton, one of decedent's next of kin, was made sole legatee, and by the paper writing of July the 11th W. R. Pepper, who was not related to Lougee, was made sole legatee.

At a former trial, the two cases had been by consent consolidated, and the court had (upon disagreement between counsel) framed and submitted the following issues to the jury: 1st. Was the paper writing of July 17th, 1876, the last will and testament of W. G. Lougee? 2nd. Was the paper writing of July 11th, 1876, the last will and testament of W. G. Lougee?

When the jurors were called for the purpose of forming

the panel for the trial of the issues, the caveators of the paper writing of July 17th, 1876, admitted the said paper writing was executed by W. G. Lougee according to the forms of law, and that W. G. Lougee was twenty-one years of age at the time of such execution. And the counsel for the caveators thereupon insisted that they were entitled to open with the evidence to the jury, but the court held that the propounders of the paper writing of July the 17th had the right to open, and the caveators excepted.

The jury found the paper writing of July 17th, 1876, to be the last will and testament of W. G. Lougee, and the court rendered judgment in favor of the propounders. There was a motion for a new trial, which was denied, and caveators appealed.

*Messrs. G. V. Strong, Reade, Busbee & Busbee, Battle & Mordecai,* and *G. H. Snow,* for plaintiff.
*Messrs. Gilliam & Gatling* and *D. G. Fowle,* for defendants.

ASHE, J. The only question of importance presented by the appeal for our consideration is, upon whom is the burden of proof, or in other words, who is to open and conclude? As a general rule the party who supports the affirmative of the issue has that right. Taylor, in his treatise on Evidence, says, " the best test to determine which party has the right to begin and conclude is to consider which party would be entitled to a verdict if no evidence were offered on either side, for the burden lies on the party against whom in such case the verdict ought to be given." Taylor on Evidence, § 338 ; 1 Greenleaf on Evidence, 87, Note 1. But there are exceptions to this rule, for instance, when the defendant admits at the trial the whole *prima facie* case of the plaintiff, he will be entitled to begin, provided he could not by his pleading have made this admission at an earlier period. Taylor on Evidence, 387. It was probably upon this authority that the caveators in this case, made the ad-

mission, that the paper writing offered for probate, was executed according to the forms of law, &c., with the view thereby of gaining the advantage of the opening and conclusion. While we admit the exception to the general rule, we do not think it has any application to this case. This differs from an ordinary issue in a civil action. The proceeding is *in rem.* There is strictly no parties. The inquiry is whether the deceased person died testate or intestate; and if the former, whether the paper propounded is his will or not. Both parties, the propounders and caveators, are actors for this purpose. The subscribing witnesses are the witnesses of the law, and when the will is once propounded, it is under the control and power of the court. The propounders have no right to withdraw it, or submit to a nonsuit; and on the other hand, the caveators have no such control or power in the premises, as to admit the execution of the will so as to dispense with the proof required by the statute, for the law is explicit that a written will with witnesses can only be proved by *the oath* of at least two subscribing witnesses. C. C. P., § 438.

It may be readily seen how easily the intentions of testators could be frustrated and the grossest injustice and fraud practiced, if the actors in an issue of *devisavit vel non* should be permitted to exercise unrestricted control over the issue; for instance, the propounders by collusion with the caveators might offer the will, prove its execution according to the forms of the law, and then defeat it by admitting the insanity of the testator, or that the will was made under improper influences; and on the other hand, a paper wanting in the requisites of a good will, having for example only one subscribing witness, might be established by the caveators simply admitting that it was executed according to the requirements of the statute.

The proof of the will must be under the control of the court, and it is the duty of the court to have a watchful care

over the trial of the issue, to see that the will is proved according to the requirements of the law, and it would be as great a dereliction of duty on the part of a court to permit a will to go to probate without an examination of the sub-' scribing witnesses upon oath, as to allow a verdict of the jury to stand in favor of a will when it was attested by only one subscribing witness.

In the case of *St. John's Lodge* v. *Callendar,* 4 Ired. 335, Chief Justice RUFFIN says : " From the nature of an issue (*devisavit vel non*) he who alleges the affirmative opens the case, and for that reason the party propounding the will is commonly spoken of as the plaintiff. But it is inaccurate, for properly speaking there is neither plaintiff nor defendant; both sides are equally actors in obedience to the order directing the issue. In neither case is the party in the affirmative at liberty to withdraw and defeat a trial, more than the party in the negative." He further adds, that " the paper itself, the *res* is *sub judice,* and the judge gives his sentence for or against it without noticing particular persons."

It follows, if the will must be proved by the subscribing witnesses, that the burden is upon the propounder, and he would have the privilege of opening and concluding. And when the will has been *prima jacie* established by the statute evidence, which, according to the case of *Mayo* v. *Jones,* 78 N. C., 402, does not extend to proof of the sanity of the testator, as that, it is said, is presumed, if the caveators should seek to defeat the will by proving the insanity of the deceased, the burden would be shifted to them, but that would not take from the propounder the right to open and conclude the argument. *McRae* v. *Lawrence,* 75 N. C., 289.

An exception was taken to the ruling of his Honor in admitting the testimony of Mr. Gatlin in behalf of the propounders. It was objected that he was incompetent to speak of any transaction or communication with the deceased,

because he. had obtained a judgment for a tax fee., The ground of the objection is very vaguely stated, but we suppose, from the decisions in this court, that the witness had been employed as counsel for Pepper, the plaintiff's intestate, and he had an interest in a tax fee when this case was tried in 1878, but there was then an appeal to this court and a new trial granted, and the witness stated that his connection with the case had ceased before the trial. But independent of that, the tax fees had been abolished by the act of 1879, ch. 41, so that the witnesses at the time of the trial had no interest in the event of this suit, and no prior interest which had come to any party to the suit. He was therefore competent under section 343 C. C. P.

As to an exception taken to the admission of Broughton as a witness on the part of the propounders, we are unable to discover upon what ground his testimony was objected to. It is true he was one of the propounders of the will of 17th July, 1876, but he was a competent witness for all purposes except to speak of any transaction or communication with the deceased, and that he seems to have scrupulously avoided in his testimony. There is nothing in the exception, and there is no error in the proceedings of the court below.

There is no error. This will be certified.

No error.                                         Affirmed.