WILLIAM HUTSON et al. v. JOHN SAWYER et al.*

*Assignment of Error— Wills—Probate—Devisavit vel non— Parties.*

1. When a will is offered for probate, the proceeding is not a civil action, nor is it a special proceeding, but is *in rem*, to which there are, strictly speaking, no parties. When an issue *devisavit vel non* is raised, the Court will require all persons interested in the matter to be brought before it. Any of them may withdraw if they see proper, but none of them have a right to take or suffer a judgment of non-suit, or dismiss the proceeding.

2. If errors are committed in the progress of the investigation, the remedy is to note the exceptions, and, after judgment, appeal.

3. Although there may be no formal assignment of error, the Supreme Court will inspect the whole record and pronounce such judgment as in law ought to have been rendered.

* AVERY, J., did not sit upon the hearing of this appeal.

This was an issue *devisavit vel non*, tried before *Avery, J.*, at Spring Term, 1887, of TYRRELL Superior Court.

On the trial the propounders offered certain testimony, insisting that it was competent and proper to prove the affirmative of the issue; the *caveators* objected to its competency and sufficiency, the Court sustained the objection, and thereupon the propounders excepted, submitted "to judgment of non-suit, and appealed."

*Mr. C. W. Grandy,* for the propounders.
No counsel for the *Caveators.*

MERRIMON, J.   The proceeding is not like an ordinary action or special proceeding to which, regularly, there are parties plaintiff and defendant, nor is the purpose of it to litigate a cause of action which the plaintiff may abandon or withdraw from the Court by suffering a judgment of *non-suit* or otherwise.   It is a proceeding *in rem*, to which, strictly, there are no parties.   The Court, in the way prescribed by statute, takes jurisdiction of the paper writing or script propounded for probate as the will of the alleged testator.   The jurisdiction is *in rem*, and the chief purpose is not to settle and administer the rights of the parties claiming under or against the alleged will, but to ascertain whether the supposed testator died testate or intestate, and if he died testate, whether or not the script propounded, or any part of it, be his will.

When the issue *devisavit vel non* is raised, the Court desires to have all persons interested before it to see proceedings. When they are cited, they come into Court, and may stand passively or take active part on either side of the contest, according as they may be interested, in favor of or adversely to the script propounded as the will; and any party thus before the Court may withdraw from the proceeding, paying such costs as he may properly be chargeable with, but in

that case the script is left with the Court to be proven or disposed of according to law. In the very nature of the matter, a party before the Court does not sustain such relation to the proceeding as to give him control of it or the subject matter of the issue; he is there to see proceedings and take active part, if he will, in an inquiry as to a matter—the script—of which the Court has control, and which it is its duty to settle and determine. The purpose is to determine the nature of the script for the benefit of all whom it may concern, and not specially for that of any particular person, whether he be before the Court or not. The proceeding—the script, the issue—are not of the persons before the Court; they cannot control or direct the same as parties— that is the sole province of the Court—as to the issue; they are not parties, and hence, whether they take part on one side or the other of it, they cannot take or suffer a judgment of non-suit, nor can they dismiss the proceeding. *St. John's Lodge* v. *Collender*, 4 Ired., 335; *Sawyer* v. *Dozier*, 5 Ired., 97; *Enloe* v. *Shields*, 6 Ired., 212; *Whitford* v. *Hurst*, 9 Ired., 170; *Love* v. *Johnston*, 12 Ired., 355; *Syme* v. *Broughton*, 85 N. C., 367.

The appellants could not, therefore, suffer a judgment of non-suit, as they undertook to do. If they could, and this Court should affirm the judgment appealed from, the consequence would be to withdraw the script from the jurisdiction of the Court, put an end to the proceeding, and leave the issue undetermined, and thus the purpose of the law would be defeated. Obviously, the action of the Court was erroneous.

The appellants, having excepted because of the rejection of evidence offered by them on the trial, should have waited until after a verdict and judgment thereupon, and then assigned errors and appealed. This is the proper course of practice in this and like cases.

There is no formal assignment of the error we have pointed out, but it is the duty of this Court to inspect the whole record and give such judgment as in law ought to be given. *The Code*, § 957; *Thornton* v. *Brady*, 100 N. C., 38.

Upon an examination of the record before us, we see that the judgment appealed from is not warranted by law. It contravenes the nature and purpose of the proceeding. It is, hence, erroneous, and this Court must so declare.

The judgment of non-suit must be set aside, and the issue tried and disposed of according to law.

Error.