W. H. McCLURE and W. H. JARRETT v. SAMUEL SPIVEY and G. B. CARDON.

(Decided December 23, 1898 )

*Probate of Wills Not Subject to Collateral Attack— Title.*

1. Title from the State down to the plaintiff, if believed, and no counter evidence, entitles him to recover against the defendant in possession and the jury may be so instructed.

2. Probate of a will by the Clerk of the Superior Court is a judicial act, and his certificate is conclusive evidence of the validity of the will, until vacated on appeal, or declared void by a competent tribunal in a proceeding instituted for that purpose. It cannot be vacated in a collateral manner. *Mayo* v. *Jones,* 78 N. C., 402.

CIVIL ACTION for the recovery of land, originally commenced in the Superior Court of Clay County, but removed for trial, on affidavit of defendant, to Cherokee County, where it came on for trial before *Norwood, J.,* at Fall Term, 1897, of the Superior Court of CHEROKEE County.

The plaintiff introduced a connected paper title from the State down to himself. The answer admitted the defendants were in possession. The defendants offered no evidence.

In deducing his title, the plaintiff offered in evidence the book of Record of Wills in Clay County with the record of a will, purporting to be the will of A. W. Spivey, recorded on page 200, etc., dated February 8, 1888, who died in possession of the land.

Objection by defendant to the probate on the ground that the probate is irregular, and not in compliance with the statute.

Objection overruled; defendant excepted.

The will devised a life estate to Eliza Spivey, the widow of testator, with remainder to his daughter Emma, under whom the plaintiff claimed by deed. The widow was dead before the suit was brought.

The defendant having offered no evidence, his Honor instructed the jury, that if they believed the evidence the plaintiff was entitled to recover, and it was for them to consider the question of the value of the rents.

Defendant excepted.

Verdict for the plaintiffs; judgment; appeal by defendants.

*Messrs. J. W. Cooper* and *A. C. Avery*, for defendants (appellants).
*Messrs. Ferguson & Ferguson*, for plaintiffs.

MONTGOMERY, J.: The plaintiffs introduced grants from the State taking title to the land out of the State, and also subsequent and successive conveyances connecting their title with the grants. The defendants offered no evidence. His Honor told the jury that if they believed the evidence they should find the first issue, "Are the plaintiffs the owners of the land described in the complaint?" in favor of the plaintiffs, and there was no error in that instruction.

In the plaintiffs' chain of title the will of A. W. Spivey was introduced as evidence. The defendants objected to the same on the ground that it had not been proved according to the requirements of *The Code.* One of the subscribing witnesses, after the will was attested, removed from the State, and a witness to his signature and handwriting proved the same; but there was no proof of the handwriting of the testator except the testimony of the other living witness to the will, and that was the objection raised by the defendants. There is no force in the objection. Section 2149 of *The Code* requires that the Clerk of the Superior Court shall take, in writing, the proofs and examinations of the witnesses touching the executions of wills, and that the substance of the same shall be embodied, in case the will is admitted to probate, in his certificate of the probate, and that the Clerk record the same with the will. The proofs and examination must be filed in his office. Section 2150 of *The Code* reads: "Such record and probate are conclusive in evidence of the validity of the will until it is vacated on appeal or declared void by a competent tribunal." The probate of the will by the Clerk of the Superior Court is therefore a judicial act, and his certificate is conclusive of the question adjudicated until it is vacated or declared void by a competent tribunal in a proceeding instituted for that purpose. If the probate of a will could be vacated in a collateral manner, as is sought to be done in this case, because of some failure of the Clerk to examine the witnesses thereto in the strictest matters of the law, or to have proved by them some matter of detail required by statute—thus rendering all that might have been done in the administration of the estate void and of no effect—interminable confusion would result, and the office of executor or ad-

ministrator would be so embarrassing and so full of pe-
cuniary risk to those officers that the settlement of es-
tates of deceased persons (probably the most important
of human transactions) could hardly be had.    But the
matter has been decided by this Court.  In *Mayo* v. *Jones*,
78 N. C., 402, it is said "there is, however, a difference
in the formal probate of a deed for registration and the
formal probate of a will.    A deed is proved by wit-
nesses or acknowledged by the grantor for registration,
for preservation, and for notice as a substitute for liv-
ery of seizin.    But the formal proof of a will amounts
to more than that.  . . . .  When the Probate Judge takes
probate of a will in common form where there are no
parties present to look after their interests, and he has
the interests of all in his hands, it is just and proper
that he should satisfy himself not only of the formal
execution of the will but of the capacity of the testator,
because the law attaches great solemnity to his action
and makes his record of probate conclusive as to all the
world until it shall be vacated by a competent tribunal.
But where the parties interested come forward and
make an issue and go before a jury to try the validity
of a will, it takes precisely the same form and is gov-
erned by the same rules as the trial of the validity of a
deed or any other instrument.    Most of the con-
fusion and conflict of decisions upon the question has
grown out of the fact that the distinction between pro-
bate in common form and the trial of an issue *devisavit
vel non* before a jury, has not been observed."

The defendant set up a counterclaim against the
plaintiff in these words, "that the defendant recover
from the plaintiffs the sum of $25 as forfeiture for buy-
ing his land under pretended titles, one-half to the use
of Clay County, the other half to the use of this defend-

ant for suing for the same." It is amusing to notice the intense earnestness with which the defendant, G. B. Cardon presses this matter of the counter-claim in the brief filed by himself. He insists, notwithstanding that the plaintiffs made out their case and were entitled to the possession of the land, that, because the plaintiffs did not reply to the counter-claim, therefore the defendants were entitled to judgment on account of the counter-claim; and he cites us to Section 1333 of *The Code* (Rev. Code, Chapter 43, Section 7; 32 Henry VIII, Chapter 9, Sections 2 and 4) as the foundation of his counter-claim. It is only necessary to say that that section of *The Code* is inoperative, as it was repealed by Section 177 of *The Code*—Acts 1874–'5, Chapter 256, Section 1.

There was no error and the judgment is affirmed.

Affirmed.