MARY JANE WALTERS, EXECUTRIX OF THE ESTATE OF LOU W. WINSTEAD, AND MARY JANE WALTERS, INDIVIDUALLY, v. BAPTIST CHILDREN'S HOME OF NORTH CAROLINA, INC., A. M. BURNS, JR., L. C. BRAD-SHER AND FRANK HOWARD, TRUSTEES OF ROXBORO BAPTIST CHURCH; RUTH STEPHENS, MARY ALLISON LATHAM, LOUISE BARNETTE PENRY, MAMIE LOVE BARNETTE, MARGARET DUNCAN, GER-TRUDE DUNCAN AND EXIE DUNCAN.

(Filed 16 December, 1959.)

1. **Wills § 17—**

Exclusive original jurisdiction of proceedings for probate of wills is in the Clerk of the Superior Court and the probate of instruments in common form by the clerk is conclusive evidence of the validity thereof as a will until vacated on appeal or declared void by a competent tribunal in a proceeding instituted for that purpose. G.S. 31-32, *et seq.*

2. **Same: Declaratory Judgment Act § 1—**

The Superior Court has jurisdiction of a proceeding under the Declaratory Judgment Act to construe a duly probated will but the validity of the probated instruments as constituting a will may not be collaterally raised therein, and the Superior Court is without jurisdiction to permit a party to amend his pleadings in the action under the Declaratory Judgment Act for the purpose of bringing in issue the validity of the probate of one of the instruments, and the Supreme Court will take notice of such want of jurisdiction *ex mero motu.* G.S. 1-253, G.S. 1-254.

3. **Wills § 33a—**

The will in question devised and bequeathed all of testatrix's property to testatrix's sister. By codicil testatrix expressed her desire that particular beneficiaries should have particular items of personalty but added that she wanted her sister to do as she wished with everything as long as she lived, and by a second codicil stated that she was leaving all of her property to her sister "to do as you please with it". *Held:* The general bequest of the personalty with power of disposition transfers the property absolutely, and any contrary provisions will be disregarded as repugnant to the absolute bequest. G.S. 31-38.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant Baptist Children's Home from *Hobgood, J.,* in Chambers at ROXBORO, N. C., 21 August 1959, judgment dated 1 September 1959.

Civil action instituted by plaintiff executrix of Lou W. Winstead, under Uniform Declaratory Judgment Act, Article 26 of Chapter 1 of General Statutes, G.S. 1-253, *et seq,* for the purpose of obtaining from the court instruction with reference to certain questions that have arisen concerning the disposition of the estate of Lou W. Winstead, and thereunto relating, the agreed statement of case on appeal, recited the allegations of the verified complaint as follows:

"1. That Lou W. Winstead, late of the county of Person, died on the 27th day of January, 1959, leaving among her valuable papers and effects and in her handwriting a last will and testament which has been duly probated in this court in the office of the Clerk of the Superior Court in Will Book 23 at pages 227-230.

"2. That Mary Jane Walters, having qualified and being appointed by this court as executrix of the said Lou W. Winstead, letters testamentary were issued to her on the 10th day of March, 1959, and that she is now acting as such executrix.

"3. That the sole devisees and legatees of the said will of the said Lou W. Winstead are: (1) Mills Home Orphanage, Thomasville, N. C.," and others (naming them).

"4. That the said will is as follows: 'Roxboro, N. C. Person County. Apr. 30th 1948. I, Lou W. Winstead of the aforesaid County and State being of sound mind and knowing the uncertainty of life and the certainty of death, do make publish and declare this my last will and testament. 1st— I bequeath to my beloved sister Mary Jane Walters all my property, personal and real estate — my rings, bonds, bank stock— (Everything I Have). 2nd— I hereby name my beloved sister Mary Jane Walters the Executrix of this Will with the request she will not be required to give bond to execute it. I, the said Lou W. Winstead do hereby set my hand and seal. This the 30th day of April, 1948. Lou W. Winstead (Seal) Witness D. S. Brooks Witness Hazel Long— Reuben C. Bowes.' That as to the language of the said will. its purport and intent, no question arises.

"5. That among the valuable papers and effects of the said Lou W. Winstead, and in her handwriting, there was found and duly probated a codicil to the last will and testament of Lou W. Winstead, executed by the said Lou W. Winstead on the 17th day of July, 1953, said codicil being as follows:

"I, Lou W. Winstead make this as a Codicil to my will made on April 30, 1948. In that will, I willed *all* my possessions to my sister Mary Jane Walters with the wish she was to administer without bond.

If she for any reason should not be able to execute said will, I wish The Peoples Bank of Roxboro, N. C. to execute the said will and this Codicil.

"I want my diamond ring if still in the possession of my sister, Mary Jane Walters, to go to my niece Mamie Love Barnett, the family antique rocker to my niece, Mary Allison Latham, and my silver spoons. I want Louise Barnett Penry, my niece to have my silver forks and knives. My set of china with gold band to go to my nieces, the three daughters of Mrs. W. A. Duncan (deceased); Two Hundred and Fifty Dollars worth of my Peoples Bank stock to Mrs. Ruth Stephens and $250.00 worth to Roxboro Baptist Church for building fund if needed — if not to go to Missions/through the church. If there are other things in the house my nieces would like to have, I would like them to be disposed of under the supervision of Mamie Love Barnett, if she will do it. The rest of my property, real estate and personal I wish sold and proceeds to go to Mills Home Orphanage at Thomasville, N. C., this being the codicil of my will written on Apr. 30, 1948. Signed—Lou W. Winstead Witness—This date, July 17, 1953.

" 'I, Lou W. Winstead realize my sister Mary Jane Walters and I might be killed in an automobile accident or for other reasons she might not be able to execute will—that is why I wrote this. I want her to do just as she wishes with every thing as long as she lives, and I realize conditions change so as to the living nieces. Signed—Lou W. Winstead. Witness: Mrs. Mary V. Millican—Reuben C. Bowes—Anne Yarborough . . .'

"That as to the entire codicil set out above, the following question arises: Does the said codicil modify the said will executed by the said Lou W. Winstead on April 30, 1948, in any respect, since it provides only for an alternative disposition of the estate of Lou W. Winstead and alternative appointment of another executor in the event of the death or incapacity of her sister, Mary Jane Walters, neither event having occurred?

"6. That in addition to said will and codicil there was found among the valuable papers and effects of the said Lou W. Winstead after her death a paper writing in her handwriting which was duly probated as a further codicil to said will as follows:

" '1957. Dear Sister — Singular to me on the exact date of Jan. 27 last year, I wrote a note like this so by accident I opened this on Jan. 27, 1957. The first of these notes I wrote in 1941 to you, but they need changes as the years go by. Right now the Wagstaff Place— (Cersel Watkins tenant) and the Semora farm—Pool tenant, would go back to J. J. Winstead's brothers and sisters heirs. All the ¼ crops on these two farms would be yours for 1957. No debt on any of

them now. If Eugene Winstead is living he can be notified and he can appoint some one to take charge of that, but you get 1957 crop. John's heirs will owe my estate the accumulated commissions, the amt. is at the courthouse to yr. 1956. That will come out of the sale of the estate of heirs. I don't want a steel casket unless you will feel better about it. I want you to administer on my estate without bond, as is stated in my will. I leave you all I have to do as you please with it. That will please my *spirit*. I have 3 insurance policys. You can find them in my box. Two are accidental policys—the other is hospital policy. I write this hoping it will make it a little easier for you. I am not sad but not well. This asthma and tightness in my chest—I am so conscious of the latter. A heart of love as I have always had for you, my twin. Sister. Jan. 27, 1957.'

"That said paper writing contains, among other sentences reaffirming the dispositive intent of said will of April 30, 1948, the following sentence: 'I leave you all I have to do as you please with it.'

"That as to the quoted sentence the following question has arisen:

"Does the sentence, 'I leave you all I have to do as you please with it,' only reaffirm the testamentary intent of the will dated April 30, 1948, or does it in itself constitute a will, bequeathing and devising the entire estate of Lou W. Winstead to her sister Mary Jane Walters?

"7. That all of the defendants are of full age and *sui juris.*"

Upon these allegations "the plaintiff Mary Jane Walters, executrix of the estate of Lou W. Winstead, respectfully prays the court for a declaratory judgment and proper instruction upon the following two questions: 1. Upon the question raised by the said will and codicil, that is to say, whether Mary Jane Walters is the sole and absolute owner of the estate of Lou W. Winstead. 2. Upon such other questions, matters and things as any of the defendants by their several answers may pray the court to decide."

And in answer thereto the Baptist Children's Homes of North Carolina, Inc., admit each and every paragraph of the complaint, but as to paragraph six this qualification is added (by amendment after judgment as later shown) "in so far as it conforms to the record."

And thereupon the record shows that "the Baptist Children's Homes of North Carolina, Incorporated, prays the court: (1) That the will and codicils of the said Lou W. Winstead be construed in the manner prescribed by law, and its rights, if any, in the estate of the testatrix, be determined and appropriately decreed; and (2) For such other and further relief as it may show itself entitled to upon the whole cause." (Signed and verified)

And the record shows judgment reading as follows: "This cause coming on to be heard, and being heard before his Honor Hamilton

H. Hobgood, Resident Judge of the Ninth Judicial District, by consent of counsel, on the 21st day of August, 1959, in Chambers in the courthouse in Roxboro, North Carolina, upon the pleadings filed in this action, and it appearing to the court that no issue of fact is raised by the pleadings; that all parties having any interest in the controversy are *sui juris* and properly before the court; that this action is properly constituted under the Uniform Declaratory Judgment Act; that the judgment entered herein will terminate the uncertainty and controversy giving rise to this proceeding; and that the sole question presented to the court for decision is the question of law as to whether the last will and testament of Lou W. Winstead devises and bequeaths the entire estate of Lou W. Winstead to Mary Jane Walters in fee simple absolute, the said last will and testament of Lou W. Winstead being constituted by the three paper writings set out as follows:

"Item One: A paper writing dated the 30th day of April, 1948, to wit:" (The same as hereinabove set forth in paragraph 4 of the complaint).

"Item Two: A paper writing dated July 17, 1953, to wit:" (The same as hereinabove set forth in paragraph 5 of the complaint.)

"Item Three: The paper writing wholly in the handwriting of Lou W. Winstead dated January 27, 1956, to wit:" (The same as hereinabove set forth in paragraph 6 of the complaint.)

And the record shows that "The court having examined the pleadings, heard argument of counsel, and studied the brief submitted by counsel, reaches the following conclusions of law that the three paper writings of Lou W. Winstead referred to as items one, two and three above were duly admitted to probate in the office of the Clerk of the Superior Court of Person County and were duly proven to have been executed by Lou W. Winstead as her last will and testament.

"2. The court concludes as a matter of law that the three paper writings referred to in items one, two and three, above, taken together, constitute the last will and testament of Lou W. Winstead.

"3. The court concludes as a matter of law that by the last will and testament of Lou W. Winstead, constituted as set out above, the entire estate, real and personal, of Lou W. Winstead was devised and bequeathed to Mary Jane Walters in fee simple absolute."

"Wherefore" the court "ordered, adjudged and decreed that Mary Jane Walters take the entire estate of Lou W. Winstead in fee simple absolute, and that the costs of this action be taxed against the executrix of said estate. This first day of September, 1959. (Signed) Hamilton H. Hobgood, Resident Judge of the Ninth Judicial District."

And the agreed case on appeal contains what purports to be the

proceedings had in the probate of holograph codicil dated 27 January 1957, set forth in paragraph 6 of the complaint as follows:

*"Probate of Holograph Codicil*

"North Carolina, Person County, In The Superior Court

"A paper writing, without subscribing witnesses, purporting to be a Codicil to the last will and testament of Lou W. Winstead, deceased, is exhibited for probate in open court by Mary Jane Walters, the Executrix therein named; and it is thereupon proved by the oath and examination of Mary Jane Walters that the said will was found among the valuable papers and effects of the said Lou W. Winstead after her death.

"And it is further proved by the oath and examination of three competent and credible witnesses, to wit, J. C. Brooks, Reuben C. Bowes, and Hazel Long Harvey, that they are acquainted with the handwriting of the said Lou W. Winstead, having often seen her write, and verily believe that the name of the said Lou W. Winstead, subscribed to the said will, and the said will itself, and every part thereof, is in the handwriting of the said Lou W. Winstead.

"And it is further proved by the evidence of the three last mentioned witnesses, that the said handwriting is generally known to the acquaintances of the said Lou W. Winstead.

| | |
|---|---|
| "Severally sworn and subscribed, this | J. C. Brooks |
| 10 day of March, 1959 before me. | Reuben C. Bowes |
| Rama Williams, Ass't Clerk | Hazel Long Harvey |
| Superior Court | |

"NORTH CAROLINA     PERSON COUNTY

"It is therefore considered and adjudged by the court that the said paper writing and every part thereof is a Codicil to the last will and testament of the said Lou W. Winstead and the same is ordered to be recorded and filed.

"This 10 day of March, 1959.

"Rama Williams, Ass't. Clerk of the Superior Court."

Then follows the "Codicil — 1957" and the "Words written on the envelope that contained the second codicil (Holograph) of Lou W. Winstead, deceased, dated January 27, 1957. For Mary Jane Walters— 'Sister' to read as soon as possible after my passing."

Then follows motion of Baptist Children's Home of North Carolina, Incorporated, in which it is set forth:

"1. That it is a defendant in the above entitled action and is one

of the devisees under the paper writings alleged to constitute the Last Will and Testament of Lou W. Winstead, deceased.

"2. That, through its attorney, it inquired of the plaintiffs, through their attorney of record, whether or not the documents alleged in the complaint as constituting the Last Will and Testament of Lou W. Winstead, deceased, had been probated in the office of the Clerk of the Superior Court of Person County with all statutory provisions relating to the probate complied with, and was assured by the plaintiffs, through their said attorney, that in his opinion the said documents had been probated in accordance with the terms and provisions of the statute relating to such probates; and the said Baptist Children's Homes of North Carolina, Incorporated, filed answer admitting that the said documents had been duly probated.

"3. That the Baptist Children's Homes of North Carolina, Incorporated, acted and relied upon the information furnished to it in the manner herein set forth in filing its Answer and admitted paragraph six of the Complaint, and did not discover until it through its said attorney of record, examined the records in the office of the Clerk of the Superior Court of Person County on August 21, 1959, that in his opinion the statutory requirements with respect to the second codicil, being the third item set forth in paragraph 6 of the Complaint, had not been complied with.

"4. That, as the Baptist Children's Homes of North Carolina, Incorporated, is advised, believes and so alleges, it is entitled, in the furtherance of justice, to an Order permitting it to amend paragraph 6 of its Answer so as to cause the said paragraph to read as follows:

" '(6) That paragraph 6 of the complaint is admitted insofar as it conforms to the record.' "

Upon which "the movant prays that an order be entered in the above-entitled action permitting it to amend its Answer so as to cause paragraph 6 of the said Complaint to read as follows: '(6) That paragraph 6 of the Complaint is admitted insofar as it conforms to the record.' " (Signed for, and verified by attorney for Movant).

And the record shows that at the September 14, 1959, regular Mixed Term of Person Superior Court, Judge Hobgood entered an order allowing amendment. It is there recited: " * * * it appearing that the court on the first day of September, 1959, had signed a judgment in the above captioned action after hearing said action upon pleadings which duly constituted it under the Declaratory Judgment Act; and it appearing that counsel for Baptist Children's Homes of North Carolina, Inc., one of the defendants, moved the court subsequent to the signing of said judgment on the 14th day of September, 1959, that said defendant be permitted to amend the sixth paragraph of its

answer for the purpose of bringing into the statement of said case on appeal an issue concerning the validity of the probate of one of the instruments incident to said action; and the court being of the opinion that the motion should be allowed makes the following order: 'It is Ordered, adjudged and Decreed that Baptist Children's Home of North Carolina, Inc., be permitted to amend the sixth paragraph of its Answer in the instant action to read, "That paragraph six of the complaint is admitted insofar as it conforms to the record."

" 'It is Further Ordered that this motion is allowed for the sole purpose of permitting the validity of said probate to be adjudicated as part of the record in the statement of the case on appeal.' "

Plaintiff excepted to the order and gave notice of appeal (but it now appears she did not perfect her appeal). And the record of case on appeal contains stipulation as follows: "It is stipulated between the attorneys of record for the plaintiffs in the above-entitled action and the defendant Baptist Children's Homes of North Carolina, Incorporated, that the Order entered in the above-entitled action making the Baptist Children's Homes of North Carolina, Incorporated, a party defendant, the stipulation extending the time for the said defendant to answer, the probate of the paper writing dated April 30, 1948, and set forth in paragraph 4 of the Complaint, and the probate of the paper writing dated July 17, 1953, and set forth in paragraph 5 of the Complaint, are not necessary to an understanding of the Case on Appeal in the above-captioned cause, and may not be incorporated as a part of the record on appeal to the Supreme Court."

The record also contains stipulation of attorneys for the respective parties agreeing to case on appeal.

The defendant Baptist Children's Homes of North Carolina, Incorporated, appeals to the Supreme Court and assigns error.

*Jesse A. Jones for defendant, appellant.*
*R. B. Dawes, Charles B. Wood for plaintiff, appellee.*

WINBORNE, C. J. Upon the Clerk of Superior Court the statutes of this State confer exclusive and original jurisdiction of proceedings for probate of wills. *Brissie v. Craig*, 232 N.C. 701, 62 S.E. 2d 330, citing statutes and cases. "By this" as stated by *Ervin, J.,* writing in the *Brissie* case, "it is meant that the Clerk of the Superior Court has the sole power in the first instance to determine whether a decedent died testate or intestate, and if he died testate, whether the script in dispute is his will," citing *Hutson v. Sawyer*, 104 N.C. 1, 10 S.E. 85.

And the Superior Court has no jurisdiction to determine whether a paper writing is or is not a will except upon the issue of *devisavit*

*vel non* duly raised by a caveat filed with the Clerk. G.S. 31-32 through G.S. 31-37. See headnote 3 in the *Brissie* case, *supra*.

Indeed the probate of a will by the Clerk of Superior Court is a judicial act, and his certificate is conclusive evidence of the validity of the will, until vacated on appeal, or declared void by a competent tribunal in a proceeding instituted for that purpose. It cannot be vacated in a collateral manner. *Mayo v. Jones,* 78 N.C. 402. *McClure v. Spivey,* 123 N.C. 678, 31 S.E. 857.

And until so set aside it is presumed to be the will of the testator. *In Re Will of Puett,* 229 N.C. 8, 47 S.E. 488.

Applying these principles to case in hand, the three items of paper writing, having been probated in common form by the Clerk of Superior Court of Person County, are presumed to be the will of Lou W. Winstead, deceased, and are conclusive evidence of the validity thereof until vacated on appeal or declared void by a competent tribunal in a proceeding instituted for that purpose. And they cannot be vacated in a collateral manner. Hence this Court holds *ex mero motu* that the Superior Court is without jurisdiction to permit defendant to amend pleadings in this cause for the purpose of bringing into the statement of case on appeal an issue concerning the validity of the probate of one of the instruments incident to the action. And the same is declared to be a nullity.

On the other hand, on the face of the record the three items probated in common form by the Clerk of the Superior Court as a matter of law, now constitute the last will and testament of Lou W. Winstead, deceased, a subject for construction under the declaratory judgment act, G.S. 1-253 and G.S. 1-254.

In G.S. 1-253 it is provided that "courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed * * * ." And G.S. 1-254 provides that "Any person, interested under a * * * will * * * may have determined any question of construction or validity arising under the instrument * * * and obtain a declaration of rights, status, or other legal relations thereunder."

In this respect the trial court concludes as a matter of law that by the last will and testament of Lou W. Winstead, constituted as aforesaid, the entire estate, real and personal, of Lou W. Winstead was devised and bequeathed to Mary Jane Walters in fee simple, and so ordered.

This ruling appears to be accordant with statute G.S. 31-38 and decisions of this Court. See among many others *Heefner v. Thornton,*

216 N.C. 702, 6 S.E. 2d 506; *Taylor v. Taylor*, 228 N.C. 275, 45 S.E. 2d 368.

For reasons stated, the case on appeal is
Modified and affirmed.

HIGGINS, J., took no part in the consideration or decision of this case.