111 S.E.2d 707 (1959)
251 N.C. 369
Mary Jane WALTERS, Executrix of the Estate of Lou W. Winstead, and Mary Jane Walters, Individually,
v.
BAPTIST CHILDREN'S HOME OF NORTH CAROLINA, INC., A. M. Burns, Jr., L. C. Bradsher and Frank Howard, Trustees of Roxboro Baptist Church; Ruth Stephens, Mary Allison Latham, Louise Barnette Penry, Mamie Love Barnette, Margaret Duncan, Gertrude Duncan and Exie Duncan.
No. 396.
Supreme Court of North Carolina.
December 16, 1959.
*713 Jesse A. Jones, Kinston, for defendant-appellant.
R. B. Dawes, Charles B. Wood, Roxboro, for plaintiff-appellee.
WINBORNE, Chief Justice.
Upon the Clerk of Superior Court the statutes of this State confer exclusive and original jurisdiction of proceedings for probate of wills. Brissie v. Craig, 232 N.C. 701, 62 S.E.2d 330, 332, citing statutes and cases. "By this" as stated by Ervin, J., writing in the Brissie case, "it is meant that the Clerk of the Superior Court has had sole power in the first instance to determine whether a decedent died testate or intestate, and if he died testate, whether the script in dispute is his will," citing Hutson v. Sawyer, 104 N.C. 1, 10 S.E. 85.
And the Superior Court has no jurisdiction to determine whether a paper writing is or is not a will except upon the issue of devisavit vel non duly raised by a caveat filed with the Clerk. G.S. § 31-32 through G.S. § 31-37. See headnote 3 in the Brissie case, supra.
*714 Indeed the probate of a will by the Clerk of Superior Court is a judicial act, and his certificate is conclusive evidence of the validity of the will, until vacated on appeal, or declared void by a competent tribunal in a proceeding instituted for that purpose. It cannot be vacated in a collateral manner. Mayo v. Jones, 78 N.C. 402. McClure v. Spivey, 123 N.C. 678, 31 S.E. 857.
And until so set aside it is presumed to be the will of the testator. In re Will of Puett, 229 N.C. 8, 47 S.E.2d 488.
Applying these principles to case in hand, the three items of paper writing, having been probated in common form by the Clerk of Superior Court of Person County, are presumed to be the will of Lou W. Winstead, deceased, and are conclusive evidence of the validity thereof until vacated on appeal or declared void by a competent tribunal in a proceeding instituted for that purpose. And they cannot be vacated in a collateral manner. Hence this Court holds ex mero motu that the Superior Court is without jurisdiction to permit defendant to amend pleadings in this cause for the purpose of bringing into the statement of case on appeal an issue concerning the validity of the probate of one of the instruments incident to the action. And the same is declared to be a nullity.
On the other hand, on the face of the record the three items probated in common form by the Clerk of the Superior Court as a matter of law, now constitute the last will and testament of Lou W. Winstead, deceased, a subject for construction under the declaratory judgment act, G.S. § 1-253 and G.S. § 1-254.
In G.S. § 1-253 it is provided that "courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed * * *." And G.S. § 1-254 provides that "Any person interested under a * * * will * * * may have determined any question of construction or validity arising under the instrument * * * and obtain a declaration of rights, status, or other legal relations thereunder."
In this respect the trial court concludes as a matter of law that by the last will and testament of Lou W. Winstead, constituted as aforesaid, the entire estate, real and personal, of Lou W. Winstead was devised and bequeathed to Mary Jane Walters in fee simple, and so ordered.
This ruling appears to be accordant with statute G.S. § 31-38 and decisions of this Court. See among many others Heefner v. Thornton, 216 N.C. 702, 6 S.E.2d 506; Taylor v. Taylor, 228 N.C. 275, 45 S.E.2d 368.
For reasons stated, the case on appeal is
Modified and affirmed.
HIGGINS, J., took no part in the consideration or decision of this case.