Battle, J.
 

 In the events which have happened since the death of the testator, it has become unnecessary for us to decide the question raised in respect to the slaves given to his daughter, Mary Jane.
 

 The only enquiry pressed upon us relates to the clause of non-alienation annexed to the devises of land to each of the testator’s children. These devises are in fee simple, and the condition, by which the testator has attempted to restrain the alienation of the land, before the devisees respectively attain the age of thirty-five years, is contrary to the nature of the estate, and is therefore void : See
 
 Pardue
 
 v.
 
 Grivens,
 
 1 Jones Eq. 306, where a condition restrictive of the power of free alienation was pronounced a nullity. The present case differs from that only in the circumstance, that here the restriction is confined to a disposition of the land under the age of thirty-five years. But this, we think, makes no difference. If the testator had the power to impose such a condition for thirty-five years, lie might have-imposed it for fifty, seventy or a hundred years, for we are not aware of any particular age up to which the restriction would be good, and beyond which it would he bad. Coke, Blackstone, and other elementary writers, lay down the rule generally, that a condition of non-alienation annexed to the conveyance
 
 inter vivos,
 
 or to a devise of a fee, is void,
 
 *63
 
 because it is inconsistent with the full and free enjoyment which the ownership of such an estate implies. Our conclusion is, that the devisees in fee under the will before us have the full power of selling, or otherwise disposing of their lands respectively, without the danger of incurring a forfeiture for so doing. A decree to that effect may be drawn accordingly.
 

 Per Curiam.
 

 Decree accordingly.