P. W. BROOKS AND W. W. DAWSON v. J. C. GRIFFIN.

(Filed 3 January, 1919.)

**Wills—Devise—Fee Simple—Restraint on Alienation.**

> A devise of lands to the testator's named children, for division, with
> provision they are not to sell any of the lands except to each other, it
> being his "desire that the lands shall descend to my grandchildren": *Held*,
> the testator's "desire that the land should descend to his grandchildren"
> was merely the expression of his wish, and not a legal limitation of the
> devise; but, were it otherwise, the devise would be to the children in fee
> simple, with a void restraint upon alienation.

APPEAL by plaintiffs from *Allen, J.,* at November Term, 1918, of
LENOIR.

This was a controversy submitted without action. The facts agreed are
that Benjamin F. Phillips, by his will, devised his 50-acre tract of land
to his nine children, to be divided as follows: The residence and 2 acres
he devised to his son, John T. Phillips, and directed that the remaining
48 acres should be divided into eight tracts of six acres each to his other
children, providing also, "with the distinct understanding that the parts
or parcels hereinafter allotted to each are not to be sold to any one by
him, or them, except the right to sell to one of those above named (being
his nine children), it being my desire that said land shall descend to
my grandchildren."

C. C. Dunn, the husband of one of his daughters, named as a devisee
in the will, purchased all the interests in said tract except the interest
devised to his wife, taking deeds therefor, and he and his wife sold and
conveyed the entire tract to the plaintiff, P. W. Brooks, in fee simple,
and later said Brooks conveyed a one-half undivided interest to his
coplaintiff Dawson. Said Brooks and Dawson conveyed the entire tract
23 December, 1913, to the defendant J. C. Griffin by a deed in fee simple
with warranty, and the said Griffin executed to the vendors seven bonds
in the sum of $500 each, three of which he has paid, but declines to
pay the other four, alleging that the title to the land is defective. The
court adjudged that the children of the devisor took as life tenants only,
and that the land, under the will, goes in remainder to the children of
the devisee, the grandchildren of said testator, to take *per stirpes* each
on the death of the father or mother, the life tenant, and entered judg-
ment against the plaintiffs for costs. Appeal by plaintiffs.

*Y. T. Ormond for plaintiffs.*
*Dawson, Manning & Wallace for defendant.*

CLARK, C. J. The only question presented in the construction of the
following devise: "I give and devise to my children (naming them)

my tract of land where I now reside, containing about 50 acres, with the distinct understanding that the parts or parcels hereinafter allotted to each is not to be sold to any one by him or them, except the right to sell to one of those above named, it being my desire that the said land shall descend to my grandchildren." Then followed the directions for the allotment of the tract of land among the nine children. All these lots have been sold to others than one of the heirs, and thus came into the hands of the plaintiffs, who sold to the defendant, who refuses to pay the deferred notes for the purchase money upon the ground that the plaintiffs' warranty of title is invalid.

The words used do not make the devise to the children a life estate with remainder over, nor do they confer a defeasible fee as in *Whitfield v. Garris,* 134 N. C., 24. There are no words of defeasance, and the devise on its face is in fee simple.

We are further of opinion that the expression of the testator's wish that the land should "descend to his grandchildren" is the expression of his wish only, and not a legal limitation of the devise. But if it were otherwise, it is invalid as a restriction upon alienation.

In *Munroe v. Hall,* 97 N. C., 207, it was held that where land was conveyed with a proviso that the grantees "should not sell or dispose of the land in any way whatever," the proviso was repugnant to the fee-simple estate conveyed and was absolutely void.

In *Hardy v. Galloway,* 111 N. C., 519, it was held that a provision in a deed that the vendors "retain for themselves and their heirs and assigns the right to repurchase said land when sold" was an illegal restriction upon the right to alienation, and void, citing *Twitty v. Camp,* 62 N. C., 61, which held void a restriction upon a devisee that he should not sell or encumber his land before reaching 35 years of age.

In *Pritchard v. Bailey,* 113 N. C., 525, it was held, citing *Hardy v. Galloway, supra,* that a provision in a deed that the grantee shall not sell the property during her life was contrary to public policy, and void.

In *Latimer v. Waddell,* 119 N. C., 378, the above cases are cited with approval, and the Court held: "A condition annexed to the conveyance in fee simple, by a deed or will, preventing alienation of an estate by the grantee within a certain period of time is void." The restriction in that case was a prohibition to sell for five years. This is a well considered case by *Montgomery, J.,* and is printed in 3 L. R. A. (N. S.), 668, with full notes discussing the whole subject.

In *Wool v. Fleetwood,* 136 N. C., 460, by *Walker, J.,* the subject is again reviewed, with full citation of authorities and affirming the illegality of restrictions against alienation.

In *Christmas v. Winston,* 152 N. C., 49, the above authorities were again cited and approved in an opinion by *Brown, J.,* which holds that any restriction upon alienation is invalid.

It is held in an opinion by *Allen, J.,* in *Trust Co. v. Nicholson,* 162 N. C., 263, citing with approval the above authorities, that restrictions upon alienation are void.

In *Schwren v. Falls,* 170 N. C., 252, it was held that a provision in a conveyance that the grantee "shall not dispose of any part of the land unless she should become a widow and unless her necessity requires it, and then only with the consent of the executor was void as a restraint upon alienation."

In *Lee v. Oates,* 171 N. C., 721, the whole subject is fully reviewed by *Walker, J.,* summing upon the authorities above cited and others, and holding that a restraint upon alienation is invalid whether it applies to the equitable or legal title, stating that we adopted this rule from the English courts in *Dick v. Pickford,* 21 N. C., 480, and have consistently followed it ever since.

The only case in our Reports which has been considered at all hesitant on this question is *Ex Parte Watts,* 130 N. C., 237; but upon examination it will be found that it is not in conflict with the settled line of cases in our Reports. In *Ex Parte Watts* the devise by the mother was of her home place and lot to her four children "as a common home, with equal rights to the same, until twenty-one years after the death of herself and husband," and that *"then* they and their heirs are to own said house and lot in fee simple." There was a provision that if the house should be burned the insurance money should be used to build another house on the same lot, and a fund was devised for the purpose of keeping up the home. The Court held that by the evident intent of the will this was a devise, to such of them as should desire, of the use of the property for a home for a term of twenty-one years, with remainder after the expiration of said term to them as tenants in common in fee simple.

In 3 L. R. A. (1906), 668, *Latimer v. Waddell, supra,* is reprinted with the fullest citation of all the authorities in the notes. The learned editor points out that there are two lines of decisions, one holding that any restraint upon alienation of fee-simple title for a limited period, however brief, even for a day, is void for repugnancy, and that this is almost the universal rule, but that there are a few cases that a limited restraint upon alienation, if for a reasonable time, is valid. The authorities in this State, however, are uniform, as above stated.

It is a singular commentary upon human nature that, knowing the difficulty of managing to the best advantage one's own estate while living, with full knowledge of changing conditions, that any man should wish, or think himself competent, to restrict by deed or will the control of property in the hands of a grantee or devisee after the grantor shall have passed hence. No one can foresee the changing conditions which

may arise and which will require a change in the investment or in the management of property in the always uncertain future. Certainly the grantor or devisor should realize that after the property has passed from his hands, those who hold it should be credited with equal capacity, and in view of their superior knowledge of new conditions that they will be possessed of superior ability to select the best course to be taken with the property which has been conveyed to them by will or deed. It certainly seems irrational for a devisor to hold his own children incompetent to manage such property, but that his grandchildren, whom he does not know, shall possess sufficient ability. It is the vanity of human nature that one out of whose hands property is passing should seek to control it after it has ceased to be his.

For these reasons, and also because as a matter of public policy estates should be unfettered, the courts generally, and in this State uniformly, have held that restraints upon alienation of property conveyed or devised in fee simple are invalid. This does not in any wise affect the conveyance or devise of property upon a fee defeasible in which the defeasance depends upon a future or contingent event.

We are of opinion that the devise in this case is not of the life estate to the children of the devisor, with remainder to the grandchildren, the words of the devise cannot be so construed, but is of a fee simple to the children with at most a restriction (if it is not an expression merely of a wish) that they can convey only to one of their own number, and this is void. The plaintiffs, therefore, can convey a fee-simple title to the defendant.

Reversed.