### J. J. WELCH v. GEORGE T. MURDOCK.

(Filed 8 December, 1926.)

**Deeds and Conveyances—Restraint on Alienation—Fee-Simple Title.**

> The condition expressed in a deed to lands that they "cannot be conveyed until the third generation," is a restraint on alienation and inoperative, and the grantee acquires the fee.

APPEAL by defendant from *McElroy, J.,* at Fall Term, 1926, of RANDOLPH. Affirmed.

*H. M. Robins for plaintiff.*
*Moser & Burns for defendant.*

PER CURIAM.   Della Welch made a will which soon after her death was duly admitted to probate, and in the second item thereof set out the following devise: "I give and devise to my friend, J. J. Welch, a tract of land bounded as follows: On the south by Herman Pierce and others, on the east by Mary Welch and J. J. Welch's home place, on the north by Jenny Harvell and others, on the west by S. D. Hancock *et al.,* known as the J. D. Welch home tract, and cannot be conveyed until the third generation.   Excepted 28 acres willed to Pink Strider on the southwest corner of said tract known as the Manuel Strider place."

Thereafter, on 15 August, 1926, the plaintiff, J. J. Welch and Caroline Welch, his wife, entered into a written contract with the defendant to execute and deliver to him on or before 25 August, 1926, a deed with full covenants conveying in fee the land above described.   In accordance with his agreement the plaintiff made due tender of a deed executed by himself and his wife sufficient in form to convey the fee, but the defendant declined to accept the deed and refused to pay the purchase price on the ground that the phrase "And cannot be conveyed until the third generation" restrains or prevents a conveyance of the title in fee.   The only interest the plaintiff's wife has in the land is her inchoate right of dower.

Upon the facts agreed his Honor held that the plaintiff with the joinder of his wife can convey a title in fee and that the defendant should comply with the contract, pay the purchase price, and accept the plaintiff's deed.   The judgment is sustained by a number of our decisions.   Absolute restraint on alienation by a tenant in fee is void even if the restraint be for a limited time.   *Combs v. Paul,* 191 N. C., 789. Restrictions of this character are generally classed among repugnant conditions, neither of the two or three exceptions having any application to the facts of this case.   *Wool v. Fleetwood,* 136 N. C., 461; *Latimer v. Waddell,* 119 N. C., 370; *Pritchard v. Bailey,* 113 N. C., 521; *Hardy v. Galloway,* 111 N. C., 519; *Twitty v. Camp,* 62 N. C., 61; *Dick v. Pitchford,* 21 N. C., 480.   The judgment is
   Affirmed.