LOUISE A. HAMBRIGHT v. SARAH ELIZABETH CARROLL, EXECUTRIX, AND JOHN W. TURRENTINE, EXECUTOR, OF THE LAST WILL AND TESTAMENT OF W. H. TURRENTINE, DECEASED.

(Filed 12 April, 1933.)

**1. Wills E b—Devisee held to take fee under devise in this case.**

The testator devised the remainder of his property to his three children and one grandchild, to be equally divided among them, with a later clause directing the executors to hold the share of the grandchild in trust and give her the proceeds from the estate until in their judgment she is able to manage it wisely herself, "but should she die without children, then what remains of her share becomes a part of my estate and is to be divided equally among my children." *Held,* the grandchild takes a fee in the property upon the termination of the trust, the first clause devising the land to the children and grandchild in fee, and the second clause not being inconsistent with the fee to the grandchild, there being no certain and express terms limiting it to a life estate, and the phrase "what remains of her share" connotating that nothing may remain and implying an unrestricted power of disposition.

**2. Wills E a—General rules for construction of wills.**

A devise will be construed to be in fee unless a contrary intention is plainly expressed in the will, C. S., 4162, and the fee generally passes upon a devise of the proceeds of land when an intention to separate the income from the principal is not expressed, or where the devise is general and the devisee is given the power of disposition, or a limitation over is made of such part as may not be disposed of by the first taker.

**3. Wills E b—Devise held to convey absolute fee and not defeasible fee.**

A fee may be limited after a fee by executory devise, but no remainder may be limited after a grant of an estate in fee simple, and where a devisee is devised certain lands in fee with power of disposition, and not merely a life estate with a naked power of disposition, with a limitation over of what remains of the estate to others if she should die without children, the devise conveys the absolute fee simple to the first taker, and the purported limitation over is void, there being no estate which the testator could limit over as a remainder.

APPEAL by defendants from *Hill, Special Judge,* at November Term, 1932, of ALAMANCE. Affirmed.

W. H. Turrentine died leaving a will containing the following clauses, which for convenience of reference we have designated (a) and (b):

(a) I give to my son, John William Turrentine, my home place where I now live, consisting of 118 acres lot of the estate of Samuel Chapman and 7 acres lot of Daniel Worth, and my watch and chain. All the remainder of my property, I want divided equally between my children, Sarah Elizabeth Carroll, Imogene Louise Faucette, John William Turrentine, and my granddaughter, Louise Hambright.

(b) The share Louise Hambright will receive I want my executors to hold the same in trust and give her the proceeds until such a time as they may in their judgment think she is able to manage it wisely herself; but should she die without children, then what remains of her share becomes a part of my estate and is to be divided equally among my children above named.

The plaintiff brought suit claiming to be the absolute owner or the owner in fee of the property devised to her. The defendants deny that she is entitled to the corpus of the property and ask that the action be dismissed. The trial court construed the clauses set out as a devise to the plaintiff in fee "to the extent that she may use and dispose of same in fee simple as she see fit; provided, however, if she die without children and any of said property remain, then such remaining property to go to and be divided equally among the children of said testator."

*J. Elmer Long and Clarence Ross for plaintiff.*
*W. H. Carroll and A. M. Carroll for defendants.*

ADAMS, J. Is the trial court correct in its construction of the will with respect to the quantity of interest devised to the plaintiff? This is the only question for decision. In effect it is alleged in the complaint that the defendants will not convey the property in controversy to the plaintiff, conceding her capacity "to manage it wisely," for the reason that as a matter of law she is not entitled to the fee or absolute ownership. All questions of fact as to the plaintiff's condition, as to the exercise of a sound discretion by the defendants, and as to their arbitrary disregard of the plaintiff's interests are withheld by consent. That these questions may be determined hereafter is pointed out in the judgment.

In clause (a) the testator expressed his intention to distribute "all the remainder" of his property equally among his three children and his granddaughter, who is the plaintiff. Is the intention thus expressed contravened by the language used in clause (b)? We think not.

The latter clause directs the executors to hold the property in trust and to give the proceeds to the plaintiff. In the absence of an intention to separate the income from the principal an absolute devise of the

income from land as a rule passes the land itself. One of the means employed to indicate an intent to separate income from principal is the appointment of a trustee. *Benevolent Society v. Orrell,* 195 N. C., 405. W. H. Turrentine, the testator, appointed trustees of the property for a specified period—"until such a time as they may in their judgment think she is able to manage it wisely herself." The trust is not perpetual. The words used involve the implication that when she is able wisely to manage the property she shall have the right of actual possession; and from this it follows that the appointment of the executors as trustees for such purpose is not inconsistent with an intent to devise the property absolutely or in fee.

It is provided by statute that real estate, when devised to any person, shall be held and construed to be devised in fee simple unless the devise shall in plain and express words show, or it shall be plainly intended by the will or some part thereof, that the testator intended to convey an estate of less dignity. C. S., 4162. An unrestricted devise of real property carries the fee. *Roane v. Robinson,* 189 N. C., 628; *Lineberger v. Phillips,* 198 N. C., 661. So it is when an estate is devised generally with a power of disposition or appointment, or with a gift over to another of such part as may not be disposed of by the first taker. *Patrick v. Morehead,* 85 N. C., 62; *Carroll v. Herring,* 180 N. C., 369. In the latter case it is said: "Where real estate is given absolutely to one person, with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void, as repugnant to the absolute property first given; and it is also established law that where an estate is given to a person generally or indefinitely with a power of disposition, or to him, his heirs and assigns forever, it carries a fee, and any limitation over or qualifying expression of less import is void for repugnancy. The only exception to such a rule is where the testator gives to the first taker an estate for life only, by certain and express terms, and annexes to it the power of disposition. In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the naked gift of a power of disposition."

On two grounds the defendants deny that the general rule is applicable to the present case: (1) the plaintiff takes only a life estate, or (2) if a fee simple, the fee is defeasible, and the plaintiff's title is not free from limitation.

We cannot yield our assent to the proposition that the plaintiff is given nothing more than a life estate. To his three children the testator gave a fee or absolute title; the plaintiff was to have an equal share—a share equal in quantity with the others. The phrase "what remains of her share" carries the connotation that nothing may remain; and this implies an unrestricted power of disposition. As stated in *Carroll v.*

*Herring, supra,* the only exception to the rule therein given is "where the testator gives to the first taker an estate for life only, by certain and express terms, and annexes to it the power of disposition." In the will there are no certain and express terms limiting the plaintiff's interest or estate to a life tenure, and the cases dealing with limitations after the express grant of a life estate may be treated as inapposite. The plaintiff does not take an estate only for life.

In considering the contention that the plaintiff acquired a defeasible fee, we must keep in mind two clearly established principles: (1) a fee may be limited after a fee by way of executory devise; but "if one devises in fee simple, he cannot make a limitation over by way of executory devise without cutting down the first fee, in order to make room for the second." *McDaniel v. McDaniel,* 58 N. C., 351. (2) No remainder can be limited after the grant of an estate in fee simple.

These principles are aptly illustrated in a number of our decisions. In *Whitfield v. Garris,* 131 N. C., 148, the fact was that the testator had devised real estate to one of his grandsons in fee and had annexed a condition that if this devisee died leaving no heirs of his body the devised estate should go to three other grandchildren or to the survivors of them, and if the last survivor died leaving no heir or heirs of his body the property should be equally divided between all the grandchildren of the testator. The court held that the devise should be read as if it had been written to the first devisee (the grandson), his heirs and assigns, but upon condition that if he should die without leaving heirs of his body, then to the other grandchildren; also that as the grandson had conveyed the land by deed and had died leaving heirs of his body his conveyance passed the fee. A petition to rehear was filed and after a critical and exhaustive review of the authorities the court adhered to the decision that the devise vested a fee in the first taker defeasible on condition that he died without leaving heirs of his body. 134 N. C., 24. The principle has been maintained in several subsequent cases.

In *Carroll v. Herring, supra,* the devise was as follows: "I give, bequeath, and devise to my son, James A. Carroll two hundred dollars ($200), to be paid by my executors, and I devise to him the ten acres of land known as the Pearce land, on which he has built a house where he lives. Also, 37 acres which I bought of Warren Carver, and lying east of the Holly land, both said tracts to said James A. Carroll in fee, but if he die without heirs possessing the lands, or either tract, with remainder to the heirs of J. W. Carroll." The Court construed the words "in fee" and "or either tract" as indication of an intent that James A. Carroll should "have a fee-simple estate in the land devised to him, and to do with and dispose of as he saw fit." The power of disposition passed the fee and the pretended limitation over by way of. remainder was void for repugnancy. The fee simple had no remainder.

This principle is controlling in the present appeal. The intended equality of the several devises and the purported limitation over of "what remains" imply a power of disposition which, in the absence of an express gift for life only, carried the fee and left in the testator no estate which he could limit over as a remainder. *Daniel v. Bass,* 193 N. C., 294. It may be noted that in *Herring v. Williams,* 158 N. C., 1, real and personal property was given to the first taker for life with a limitation over and as we have pointed out the decision is not applicable to the devise under consideration. Judgment

Affirmed.