### LOUDICIA BARCO v. Z. D. OWENS ET AL.

(Filed 22 September, 1937.)

**Wills § 33c—Absolute devise will not be divested by subsequent clause expressing desire for disposition after death of devisee.**

> Testator devised the real property in question in fee to his wife, with the conditions, stated in a later item, that if the property devised to her in fee should be left at her death, it was testator's desire that their five children should have same, share and share alike, but that the later item was not intended to limit, control, or in any way interfere with the use and disposition of the property left his wife in fee. *Held:* The conditions subsequent, in so far as they are repugnant to the fee originally devised, are void as unwarranted restrictions on the *jus disponendi* or the *jus dividendi*, such result being in aid of and not at variance with the rule that a will should be construed from its four corners to effectuate the testator's intent, and being in conformity with the provisions of C. S., 4162, that a devise will be construed in fee unless a contrary intention plainly appears from the language of the will.

APPEAL by plaintiff from *Cowper, Special Judge*, at May Term, 1937, of PASQUOTANK.

Petition for partition.

On the hearing, the controversy was made to depend on the construction of the will of W. L. Owens, the pertinent provisions of which follow:

"ITEM II. . . . I give, bequeath, and devise to my beloved wife, Annie W. Owens, our home on Church Street, in Elizabeth City, house number 311, together with all of my personal property of whatever kind and description, and wherever located, including all stocks, bonds, insurance, money, notes, or other choses in action, in fee simple forever with the conditions hereinafter stipulated."

"ITEM VIII. It is my further will and desire, that should there be property left, real, personal, or mixed, which I have left my beloved wife, in fee simple, at her death, and not used by her, that she shall will same to our said five children; and if she should fail to make said will, that said property shall descend to our said five children, at the death of my said wife. I do not mean by this clause to limit, control, or in any way to interfere with the use or disposition of said property, left to her in fee, while she is living, but if she does not consume, or use all of said property during her life, and there should be any remaining at her death, it is my desire that our said five children shall have same, share and share alike. My said wife is to collect all insurance, notes, stocks or bonds, or other securities and use and enjoy same as she may please, the same being hers in fee simple, and also the home on Church Street aforesaid; but the limitation above in this Item VIII only applies to whatever of said property may be still in her possession at the time of her death."

The plaintiff and defendants are the five children of W. L. Owens and Annie W. Owens, mentioned in Item VIII above.

Annie W. Owens died leaving the "Home place," mentioned in Item II above, to only two of the children, Z. D. Owens and Neva E. Owens.

It is the contention of the plaintiff that, under the will of W. L. Owens, she and the defendants take the "Home place" as tenants in common, Annie W. Owens not having devised the same in accordance with the provisions of Item VIII of her husband's will.

The court being of opinion that, under the will of W. L. Owens, his widow, Annie W. Owens, "acquired an absolute fee simple estate in and to the 'Home place' and said personal property, with full and unrestricted power of disposition," dismissed the action with costs.

Plaintiff appeals, assigning error.

*C. R. Morris and M. B. Simpson for plaintiff, appellant.*
*McMullan & McMullan for defendants, appellees.*

STACY, C. J. We agree with the trial court that as the property in question was devised to Annie W. Owens "in fee simple forever" in item two of the will, the conditions subsequent, in so far as they are repugnant to the fee originally devised, must be regarded as unwarranted restrictions on the *jus disponendi* or the *jus dividendi,* and, therefore, void. *Williams v. Sealy,* 201 N. C., 372, 160 S. E., 452; *Schwren v. Falls,* 170 N. C., 251, 87 S. E., 49; *Hambright v. Carroll,* 204 N. C., 496, 168 S. E., 817; *Combs v. Paul,* 191 N. C., 789, 133 S. E., 93; *Barbee v. Thompson,* 194 N. C., 411, 139 S. E., 838; *Carroll v. Herring,* 180 N. C., 369, 104 S. E., 892; *Wool v. Fleetwood,* 136 N. C., 460,

48 S. E., 785; *Latimer v. Waddell,* 119 N. C., 370, 26 S. E., 122. Compare *Greene v. Stadiem,* 198 N. C., 445, 152 S. E., 398.

The general rule is, that where real estate is devised in fee, or personalty bequeathed unconditionally, a subsequent clause in the will expressing a wish, desire, or direction for its disposition after the death of the devisee or legatee will not defeat the devise or bequest, nor limit it to a life estate. *Griffin v. Commander,* 163 N. C., 230, 79 S. E., 499; *Daniel v. Bass,* 193 N. C., 294, 136 S. E., 733; *Lineberger v. Phillips,* 198 N. C., 661, 153 S. E., 118; *Roane v. Robinson,* 189 N. C., 628, 127 S. E., 626; *McDaniel v. McDaniel,* 58 N. C., 353. Conditions subsequent, in the absence of compelling language to the contrary, are usually construed against divestment. *Cook v. Sink,* 190 N. C., 620, 130 S. E., 714. Compare *Jolley v. Humphries,* 204 N. C., 672, 167 S. E., 417. The absolute devise is permitted to stand, while the subsequent clause is generally regarded as precatory only. *Brown v. Lewis,* 197 N. C., 704, 150 S. E., 328; *Weaver v. Kirby,* 186 N. C., 387, 119 S. E., 564; *Brooks v. Griffin,* 177 N. C., 7, 97 S. E., 730; *Bills v. Bills,* 80 Ia., 269, 20 A. S. R., 418; 11 R. C. L., 476; 28 R. C. L., 243.

This rule is not at variance with the cardinal principle in the interpretation of wills, which is to discover and effectuate the intent of the testator, looking at the instrument from its four corners, but is in fact in aid of such discovery and effectuation. *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356. Moreover, it is provided by C. S., 4162, that when real estate is devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express language show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity. *Jolley v. Humphries, supra.*

In the will before us, the testator carefully refrained from limiting the first devise or bequest to a life estate, or from interfering "in any way . . . with the use or disposition of said property." Three times in Item VIII of the will he speaks of the property left to his wife (1) "in fee simple," (2) "in fee," (3) "same being hers in fee simple." Nothing having been retained by the testator, his attempted disposition of his wife's property at her death must be regarded as inoperative. *Griffin v. Commander, supra; Carroll v. Herring, supra.*

The judgment dismissing the petition will be upheld.

Affirmed.