JAY B. DOUGLASS ET AL. v. A. F. STEVENS.

(Filed 4 January, 1939.)

**Wills § 35—Absolute restraint on alienation annexed to grant or devise of fee is void.**

A devise of a vested remainder in fee in named beneficiaries with the condition that "they shall in no wise either sell or mortgage said property for a period of not less than 50 years" gives the beneficiaries immediate power of alienation upon obtaining deed from the life tenant, an absolute restraint on alienation, for any length of time, annexed to a grant or devise in fee, being void.

APPEAL by defendant from *Olive, Special Judge,* at October Term, 1938, of FORSYTH.

Controversy without action submitted on an agreed statement of facts.

Plaintiffs, being under contract to convey a certain tract of land to the defendant, duly executed and tendered therefor a deed sufficient in form to invest the defendant with a fee simple title, and demanded payment of the purchase price as agreed, but the defendant declines to accept the deed and refuses to make payment of the purchase price on the ground that the title offered is defective.

It was agreed that if, in the opinion of the court, under the facts submitted, plaintiffs were able to convey a good and indefeasible fee simple title to the land in question, judgment should accordingly be entered for the plaintiffs, otherwise for the defendant.

The court, being of opinion that the deed tendered was sufficient to convey a full and complete fee simple title to the lands in question, gave judgment for the plaintiffs, from which the defendant appeals, assigning error.

*Manly, Hendren & Womble and L. K. Martin for plaintiffs, appellees.*
*Webster & Little for defendant, appellant.*

STACY, C. J. On the hearing, the title offered was properly made to depend upon the construction of the following limitation in the will of Jay Barnette Douglass:

"Upon the death of my wife I will that these two stores become the property of our two children Jay Barnette Douglass, Jr., and Adelaide C. Douglass, with the condition that they shall in no wise either sell or mortgage said property for a period of not less than 50 years."

It is conceded that if the plaintiffs, children of the testator, take a fee in the lands devised to them under the above clause in their father's will with immediate power of alienation, the deed tendered is sufficient,

and the judgment in favor of the plaintiffs is correct, but the defendant questions the immediate power of alienation because of the annexed condition "that they shall in no wise either sell or mortgage said property for a period of not less than 50 years."

It is further conceded that the plaintiffs take a vested remainder interest in fee to the lands in question under their father's will, *Barbee v. Thompson*, 194 N. C., 411, 139 S. E., 838, and the case states that they have acquired the life interest of their mother by deed duly registered. Hence, under the uniform holding with us that an absolute restraint on alienation, for any length of time, annexed to a grant or devise in fee, is void, the condition subsequent attempting to limit plaintiffs' right to sell or mortgage the devised premises must be regarded as inoperative and of no effect. *Barco v. Owens*, 212 N. C., 30, 192 S. E., 862.

The case at bar is not distinguishable from *Williams v. Sealy*, 201 N. C., 372, 160 S. E., 452.

The judgment decreeing specific performance will be upheld.

Affirmed.