EDWARD S. HEEFNER, JR., ADMINISTRATOR C. T. A. OF THE ESTATE OF JENNIE MITCHELL BRIGGS, DECEASED; ANNA THORNTON BASS; MARY THORNTON CANADA; HENRY THORNTON CANADA; ALICE THORNTON PAYNE; EVELYN THORNTON BAGBY; STERLING THORNTON MARTIN SPRATT; WACHOVIA BANK & TRUST COMPANY, TRUSTEE UNDER THE WILL OF JENNIE MITCHELL BRIGGS; LUCILE OGBURN; MAMIE LATHAM; EDITH BAGBY WATSON; SARA CANADA DONNELLY; LOUISE CANADA HOWELL; PLAINTIFFS, v. ELLEN BARBOUR THORNTON; JANIE THORNTON CREECH AND HUSBAND, GILBERT CREECH; EVELYN THORNTON BURGESS AND HUSBAND, MALCOLM BURGESS; CATHRYN THORNTON JOHNSON AND HUSBAND, DALLAS JOHNSON; HARRY C. THORNTON AND WIFE, MARY THORNTON; CLYDE A. THORNTON AND WIFE, HILDA THORNTON; LEMUEL E. THORNTON AND WIFE, JANET THORNTON; ELEANOR THORNTON; VIOLET THORNTON; KENNETH THORNTON; DAVID THORNTON; WACHOVIA BANK & TRUST COMPANY, TRUSTEE UNDER THE WILL OF W. W. BRIGGS; CHARLES WALTER BRIGGS; STEPHEN POTTER; STELLA POTTER; PETER POTTER AND LILA SMITH POTTER; RANSOM S. AVERITT AS GUARDIAN AD LITEM OF DAVID THORNTON, KENNETH THORNTON, VIOLET THORNTON AND ELEANOR THORNTON; AND BAILEY LIPFERT AS GUARDIAN AD LITEM OF ALL UNKNOWN HEIRS AT LAW OF W. W. BRIGGS, UNKNOWN DEVISEES OR LEGATEES OF HEIRS AT LAW OF W. W. BRIGGS AND ANY MINOR HEIRS AT LAW OF W. W. BRIGGS OR MINOR DEVISEES OR LEGATEES OF HEIRS AT LAW OF W. W. BRIGGS, OR ANY MINORS OR OTHER UNKNOWN PERSONS INTERESTED IN ANY WAY IN THE ESTATE OF W. W. BRIGGS, DECEASED.

(Filed 3 January, 1940.)

**Wills § 33f—Devise and bequest of entire estate with full power of disposition is unrestricted, and bequest is absolute and devise is in fee.**

The will in question bequeathed and devised "my entire estate of every nature and wherever situated" to testator's wife "with full and complete power to her to use, consume and dispose of same absolutely," and subsequently provided that after the death of testator's wife any part of the estate remaining unconsumed and undisposed of should go to her nephew.

*Held:* The bequest and devise to testator's wife was unrestricted and she takes the personalty absolutely and the realty in fee, C. S., 4162, and the subsequent provision for testator's nephew is repugnant thereto and is void, and will not defeat the devise and the bequest to testator's wife, nor limit either to a life estate.

APPEAL by Ellen Barbour Thornton, Evelyn Thornton Burgess and husband, Malcolm Burgess, Cathryn Thornton Johnson and husband, Dallas Johnson, Harry C. Thornton and wife, Mary Thornton; Clyde A. Thornton and wife, Hilda Thornton, Lemuel A. Thornton and wife, Janet Thornton, Eleanor Thornton, Violet Thornton, Kenneth Thornton and David Thornton, from *Johnston, Special Judge,* at May Term, 1939, of FORSYTH.

Civil action for construction of will of W. W. Briggs, deceased.

The controversy arises on these portions of the will of W. W. Briggs:

"First: After the payment of my debts I bequeath and devise my entire estate of every nature and wherever situated to my wife, Jennie M. Briggs, with full and complete power to her to use, consume and dispose of the same absolutely as she shall see fit.

"Second: After the death of my wife I bequeath and devise whatever of my estate shall remain unconsumed and undisposed of by my said wife to my wife's nephew, Briggs Thornton, provided he shall be 25 years of age at the time of the death of my said wife. But if the said Briggs Thornton shall be under 25 years of age at the time of the death of my wife, then I bequeath and devise whatever of my estate shall remain unconsumed and undisposed of by my wife to Wachovia Bank and Trust Company, in trust for the following uses:

"(1) To invest and re-invest and keep the same invested in safe income-bearing securities or productive real estate and collect the income therefrom;

"(2) To apply the net income from this trust estate for the support and education of the said Briggs Thornton until he shall be 21 years of age, then pay over the net income to him monthly or quarterly, or as often as to my trustee shall seem best, until he shall be 25 years of age, and when he shall be 25 years of age close the trust by paying over, delivering and conveying to him the *corpus* of the said trust estate;

"(3) If the income from this trust shall not be sufficient adequately to support and educate the said Briggs Thornton, then I authorize my trustee, in the exercise of its sound discretion, to apply any part of the principal for that purpose."

"Third: If my wife shall predecease me, then I bequeath and devise my entire estate to Wachovia Bank and Trust Company, in trust for my wife's nephew, Briggs Thornton, according to the terms and conditions above set forth."

It is stipulated and agreed that no children were born of the marriage of W. W. Briggs and Jennie M. Briggs; that Briggs Thornton was taken into their home upon the death of his mother, a sister of Jennie M. Briggs, in March, 1917, when he was five days old; that he lived with them until the death of W. W. Briggs and thereafter continued to live with Mrs. Briggs; and that he was treated by W. W. Briggs as his own child.

It further appears that Briggs Thornton died intestate and without children, on 5 March, 1936; and that Jennie M. Briggs died 5 June, 1936, leaving a will in which she made certain specific bequests of personal property and then further provided: "Item Five: I bequeath and devise the residue of my estate of every nature and kind, and wherever situate, to the Wachovia Bank & Trust Company, of Winston-Salem, North Carolina, in trust for the following uses :"

Upon hearing below the court was of opinion, as contended by plaintiff Edward S. Heefner, Jr., as the duly qualified and acting administrator *c. t. a.,* and his coplaintiffs as all of the beneficiaries under the will of Jennie M. Briggs, except Briggs Thornton, that the will of W. W. Briggs bequeathed to Jennie M. Briggs absolutely all of the personal property which W. W. Briggs owned and possessed at his death and devised to her in fee simple all the real estate, including that in question here, of which he died seized and possessed; and that same should be administered in accordance therewith; and so adjudged and directed the administrator *c. t. a.* of Jennie M. Briggs to administer such property as the property of his testatrix.

Appellants, widow and brothers and sisters of Briggs Thornton, deceased, except to the judgment and appeal to Supreme Court and assign error.

*Manly, Hendren & Womble and W. P. Sandridge for plaintiffs, appellees.*

*J. A. Snow and Fred M. Parrish for defendants, appellants.*

WINBORNE, J. This appeal raises for decision this question only:

Under the will of W. W. Briggs, after payment of his debts, did his wife, Jennie M. Briggs, take his "entire estate of every nature and wherever situated" absolutely and in fee simple, or did she take only a life estate therein?

We are of opinion and hold that it was the intention of W. W. Briggs to give to his wife, Jennie M. Briggs, his personal property absolutely and his real estate in fee simple, and not merely a life estate therein. This is in accordance with statute, C. S., 4162, relating to devises of real estate, and in conformity with the uniform rule pertaining to such pro-

visions for disposition by will of both personal and real property, often applied in decisions of this Court. *Patrick v. Morehead,* 85 N. C., 62; *Carroll v. Herring,* 180 N. C., 369, 104 S. E., 892; *Roane v. Robinson,* 189 N. C., 628, 127 S. E., 626; *Barbee v. Thompson,* 194 N. C., 411, 139 S. E., 838; *Lineberger v. Phillips,* 198 N. C., 661, 153 S. E., 118; *Hambright v. Carroll,* 204 N. C., 496, 168 S. E., 817; *Barco v. Owens,* 212 N. C., 30, 192 S. E., 862; *Williams v. McPherson, ante,* 565.

An unrestricted devise of real property carries the fee. *Roane v. Robinson, supra; Lineberger v. Phillips, supra; Hambright v. Carroll, supra.*

It is said in *Carroll v. Herring, supra,* that, "Where real estate is given absolutely to one person, with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void, as repugnant to the absolute property first given; and it is also established by law that where an estate is given to a person generally or indefinitely with a power of disposition, or to him, his heirs and assigns forever, it carries a fee, and any limitation over or qualifying expression of less import is void for repugnancy. The only exception to such rule is where the testator gives to the first taken an estate for life only, by certain and expressed terms, and annexed to it the power of disposition. In that particular and special case the devisee for life will not take an estate in fee, notwithstanding the naked gift of a power of disposition."

In *Barco v. Owens, supra,* the Court said: "The general rule is that where real estate is devised in fee, or personally bequeathed unconditionally, a subsequent clause in the will expressing a wish, desire or direction for its disposition after the death of the devisee or legatee will not defeat the devise or bequest, nor limit it to a life estate. . . . Conditions subsequent, in the absence of compelling language to the contrary, are usually construed against divestment. . . . The absolute devise is permitted to stand, while the subsequent clause is generally regarded as precatory only. . . . This is not at variance with the cardinal principle in the interpretation of wills, which is to discover and effectuate the intent of the testator, looking at the instrument from its four corners, but is in fact in aid of such discovery and effectuation."

Under the general rule as established by statute and in decisions of this Court, the words in the first paragraph in the will of W. W. Briggs "I bequeath and devise my entire estate of every nature and wherever situated to my wife, Jennie M. Briggs, with full and complete power to her to use, consume and dispose of same absolutely as she shall see fit," standing alone, constitute an unrestricted devise of his real property and an unconditional bequest of his personal property. This provision gives his "entire estate of every nature and wherever situated" to his

23—216

wife with "full and complete power" or disposition. The words are clear and unequivocal. No qualifying expression is annexed. The bequest carries absolutely, and the devise is in fee simple. The subsequent provision that "after the death of my wife, I bequeath and devise whatever shall remain unconsumed and undisposed of by my said wife," is repugnant to the absolute gift to the wife, and is void, and will not defeat the devise and the bequest to her, nor limit either to a life estate.

The judgment below is

Affirmed.