### H. W. EARLY v. W. A. TAYLOE.

(Filed 26 March, 1941.)

**1. Wills § 33g—**

    Testator provided that after the termination of his widow's life estate his land should be divided in equal parts for allotment to his children and grandchildren, and devised "to my son Hufham or his children one share." *Held:* The son named takes the fee, the gift to the son's children being a substituted gift to take effect only in the event that the son named should predecease the testator.

**2. Wills § 33a—**

    A devise of real estate will be construed to be in fee simple unless an intention to convey an estate of less dignity plainly appears from the language of the devise or from some other part of the will. C. S., 4162.

**3. Same—**

    An unrestricted devise of property carries the fee.

**4. Wills § 35—**

    An expression following the devise of land in fee that it "is not to be conveyed out of the family" is void if it be considered a restraint on alienation, and is equally ineffectual if regarded merely as an expression of desire on the part of the testator.

APPEAL by defendant from *Nimocks, J.,* in Chambers at Fayetteville, 22 November, 1940. From BERTIE.

Controversy without action, submitted on an agreed statement of facts.

Plaintiff being under contract to convey to the defendant a 607-acre tract of land, known as "Tract No. Six (6) of the A. W. Early Estate Lands," duly executed and tendered deed sufficient in form to invest the defendant with a fee-simple title to the property, and demanded payment of the purchase price as agreed, but the defendant declined to accept the deed and refuses to make payment of the purchase price on the ground that the title offered is defective.

The court being of opinion that upon the facts agreed, the deed tendered was sufficient to convey a fee simple title to the *locus in quo*, gave judgment for the plaintiff, from which the defendant appeals, assigning error.

*Tyler & Jenkins for plaintiff, appellee.*
*Joseph B. Burden for defendant, appellant.*

STACY, C. J. On the hearing, the question in difference was made to turn on the construction of a clause in the will of Abner W. Early, late of Bertie County, this State.

The testator provided that after the death of his wife and the falling in of her life estate, his lands should be divided "into eight equal divisions" and allotted to his children and grandchildren in equal shares, that is:   .   .   .   "to my son Hufham or his children one share."

Under the allotment made pursuant to the testator's directions, following the death of the life tenant, the plaintiff, who is designated as Hufham in his father's will, was assigned "Tract No. Six (6)," the lot here in controversy. Divisional deeds or cross-conveyances were also executed by the several devisees.

At the time the will was made and at the death of the testator, the plaintiff, Hufham W. Early, had two living children, and he now has four living children.

It is the contention of the plaintiff that he is the owner in fee of "Tract No. Six (6) of the A. W. Early Estate Lands" by virtue of the division made pursuant to his father's will and the divisional or cross-deeds executed by the respective devisees.

The plaintiff's contention prevailed in the court below, and we approve. *Tate v. Amos,* 197 N. C., 159, 147 S. E., 809. The devise is "to my son Hufham," with a substituted gift to "his children" in the event Hufham should predecease the testator. In other words, the substitution is in prospect of, and with a view to guarding against, a failure of the devise by lapse. 1 Jarman on Wills, 612; *Bender v. Bender,* 226 Pa. St., 607, 75 Atl., 859, 134 A. S. R., 1088. The devise "to Hufham or his children" means that Hufham will take if he survive the testator, and, if

not, his children will take. *Ready v. Kearsley,* 14 Mich., 225; *Hunter v. Watson,* 12 Cal., 363. See *Whitley v. Arenson, ante,* 121.

It is provided by C. S., 4162, that when real estate is devised to any person, the same shall be held and construed a devise in fee simple, unless such devise shall, in plain and express language show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity. *Jolley v. Humphries,* 204 N. C., 672, 167 S. E., 417; *Henderson v. Power Co.,* 200 N. C., 443, 115 S. E., 425; *Lineberger v. Phillips,* 198 N. C., 661, 153 S. E., 118; *Washburn v. Biggerslaff,* 195 N. C., 624, 143 S. E., 210; *Barbee v. Thompson,* 194 N. C., 411, 139 S. E., 838; *Carroll v. Herring,* 180 N. C., 369, 104 S. E., 892; *Holt v. Holt,* 114 N. C., 242, 18 S. E., 967.

An unrestricted devise of real property carries the fee. *Heefner v. Thornton,* 216 N. C., 702, 6 S. E. (2d), 506.

The testator expressed a wish or desire in item 6 of his will that his home and farm should be and remain the property of his children, grandchildren and their children and so on, "and is not to be conveyed out of the family." If this be regarded as a restraint on alienation it is void, *Williams v. McPherson,* 216 N. C., 565, 5 S. E. (2d), 830, and if merely the expression of a desire on the part of the testator, it is likewise ineffectual. *Brooks v. Griffin,* 177 N. C., 7, 97 S. E., 730.

On the facts as presented, the judgment appears to be correct.

Affirmed.