W. C. ELDER v. S. T. JOHNSTON.

(Filed 5 June, 1947.)

1. **Wills § 33a—**

An unrestricted devise of realty, nothing else appearing, constitutes a devise in fee, G. S., 31-38.

2. **Same—**

Testatrix devised her real and personal property to be equally divided among her children with provision that it be sold and proceeds equally divided among them if they could not agree upon a physical division. By subsequent item she provided that realty devised to any of her children who should die before their children became of age, should not be sold until the youngest child of such deceased child became of age, unless a like amount of money were invested in real estate of equal value. *Held:* The subsequent item contained no limitation over and imposed no condition upon the estate devised, and upon the voluntary partition between devisees, a devisee can convey the lands allotted to him in fee simple.

APPEAL by defendant from *Carr, Resident Judge,* in Chambers, 24 April 1947, ALAMANCE.

Lora Perry Elder died in the year 1942, seized and possessed of certain land in Alamance County, including the tract described in the complaint. She left a will in which she devised all her property to her two daughters and four sons. The material part thereof is as follows:

"*SECOND:* I give and devise to my own children, all of my real and personal property, to be equally divided among them and if they cannot agree then all of my real and personal property is to be sold and the proceeds thereof, equally divided among all my children.

"*THIRD:* My further will and desire is that in the event of the death of either of my two daughters or four sons before all of their children become of age (of all who have issue) that the real property devised by me to said son or daughter, shall not be sold or disposed of, until the youngest child of the respective sons and daughters becomes of age, unless a like amount of money.is invested in real estate of equal value."

Plaintiff and his brothers and sisters made a voluntary partition of the lands devised in said will and plaintiff was allotted as his share the tract described in the complaint. A partition deed therefor was delivered to him. Thereafter he contracted to sell and convey said land in fee simple to defendant for the sum of $14,000 and pursuant thereto tendered to defendant a deed conveying same in fee with full covenants of warranty. Defendant declined to accept said deed and to pay the agreed purchase price for that under the terms of the will of Lora Perry Elder the estate of plaintiff is contingent and so limited that he cannot now convey a fee simple title. Thereupon, plaintiff instituted this action to compel specific performance of said contract.

The cause was submitted to the resident judge in chambers upon the record. Being heard, the court adjudged that the deed tendered by plaintiff conveys a good and sufficient title in fee simple and decreed specific performance. Defendant excepted and appealed.

*Long & Long for plaintiff appellee.*
*C. C. Cates, Jr. for defendant appellant.*

BARNHILL, J. The testatrix, in the second paragraph of her will heretofore quoted, made an unrestricted devise of her land to her six children to be equally divided among them, with the provision that if they could not agree upon a division then the land should be sold and the proceeds divided. Nothing else appearing, this constitutes a devise in fee. G. S. 31-38; *Holt v. Holt,* 114 N. C., 241; *Fellowes v. Durfey,* 163 N. C., 305, 79 S. E., 621; *Roane v. Robinson,* 189 N. C., 628, 127 S. E., 626; *Barbee v. Thompson,* 194 N. C., 411, 139 S. E., 838; *Lineberger v. Phillips,* 198 N. C., 661, 153 S. E., 118; *Jolley v. Humphries,* 204 N. C., 672, 169 S. E., 417; *Hambright v. Carroll,* 204 N. C., 496, 168 S. E., 817; *Barco v. Owens,* 212 N. C., 30, 192 S. E., 862; *Heefner v. Thornton,* 216 N. C., 702, 6 S. E. (2d), 506; *Early v. Tayloe,* 219 N. C., 363, 13 S. E. (2d), 609; *Croom v. Cornelius,* 219 N. C., 761, 14 S. E. (2d), 799.

So then the question here is this: Does the provision contained in paragraph three so restrict or limit the estate thus devised that plaintiff cannot now convey a fee simple title to the share allotted to him in the division? The court below answered in the negative. In that conclusion we concur.

In this provision there is no limitation over. Nor is there any condition imposed upon the estate conveyed. The testatrix merely expresses a desire as to the course that shall be pursued in respect to a sale of the property in the event a devisee dies before his or her children become 21 years of age. "If this be regarded as a restraint on alienation it is void, *Williams v. McPherson,* 216 N. C., 565, 5 S. E. (2d), 830, and if merely the expression of a desire on the part of the testator, it is likewise ineffectual. *Brooks v. Griffin,* 177 N. C., 7, 97 S. E., 730." *Early v. Tayloe, supra.* See also *Lineberger v. Phillips, supra; Hambright v. Carroll, supra; Barco v. Owens, supra; Heefner v. Thornton, supra;* in each of which the language used by the testator was much stronger than here and yet we held that it was not sufficient to delimit the fee theretofore devised.

On this record the deed tendered by plaintiff conveys an indefeasible fee and defendant is under legal obligation to accept the same and to pay the agreed purchase price. Hence the judgment below is

Affirmed.