BESSIE TAYLOR, ET AL., v. JOHN B. TAYLOR, ET AL.

(Filed 10 December, 1947.)

**1. Wills § 33a—**

Unless the intent of the testator to devise an estate of less dignity can be gathered from the instrument construed from its four corners, an unrestricted or indefinite devise of real property is a devise in fee simple, and a subsequent clause expressing a wish, desire or even direction for the disposition of what remains at the death of the devisee, will not be allowed to defeat the devise nor limit it to a life estate. G. S., 31-38.

**2. Same—**

A devise of real estate to devisees "to do as they like with it," with subsequent provision that after their death whatever property is left should go to testatrix' niece *is held* to vest the fee simple in the beneficiaries first named.

APPEAL by respondents, Geneva Taylor Lewis and husband Mark Lewis, from *Warlick, J.,* at September Civil Term, 1947, of GUILFORD (Greensboro Division).

TAYLOR *v.* TAYLOR.

Special proceeding instituted before the Clerk to sell land to make assets to pay debts and administration costs of the Estate of Anna Taylor.

The interest of the deceased in some of the land described in the petition was derived through the will of her sister, Lillie Taylor Jordan. Construction of this will being necessary to determine the precise interest of Anna Taylor in the land devised to her therein, the cause was transferred to the civil issue docket for such construction and determination.

The pertinent clauses of the will follow:

"2. All my interest in my city property to go to my brothers, Bynum and Talmage Taylor, except my interest in the house on Hendley Street which is to go to my sister, Bessie Taylor, each to do as they like with this property.

"3. My interest in the Home Place to go to Bynum and Talmage Taylor and to my sisters, Annie & Bessie Taylor, to do as they like with it.

"4. All my personal property to my sister, Annie Taylor, for her to keep or dispose of as she sees best.

"5. I wish that after my death and the death of the brothers & sisters, named in this will, whatever property there is left shall go to my niece, Geneva Taylor Lewis and her husband, Mark Lewis."

(It is stipulated that Annie Taylor and Anna Taylor are different spellings of the same name and represent the same person; and, further, that only title to real estate is here involved.)

The trial court held that Lillie Taylor Jordan "devised all her interest in the Home Place in fee to her brothers, Bynum and Talmage Taylor, and to her sisters, Anna and Bessie Taylor; and that the said Geneva Taylor Lewis and her husband, Mark Lewis, take nothing under said will."

From this construction and ruling, the respondents, Geneva Taylor Lewis and her husband, Mark Lewis, appeal, assigning error.

*Frazier & Frazier for petitioners, appellees.*

*J. A. Cannon, Jr., for respondents, appellants.*

STACY, C. J. What estate is devised in Item 3 of the Will of Lillie Taylor Jordan? The Superior Court adjudged a fee, and we approve.

It is provided by G. S., 31-38, that when real estate is devised to any person, the same shall be held and construed a devise in fee simple, unless such devise shall, in plain and express language show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity. *Elder v. Johnston,* 227 N. C., 592; *Early v. Tayloe,* 219 N. C., 363, 13 S. E. (2d), 609. Consequently, an unrestricted or indefinite devise of real property is regarded

as a devise in fee simple. *Heefner v. Thornton,* 216 N. C., 702, 6 S. E. (2d), 506; *Barco v. Owens,* 212 N. C., 30, 192 S. E., 862. And so, also, is a devise generally to one person with limitation over to another of "whatever is left" at the death of the first taker. *Patrick v. Morehead,* 85 N. C., 62; *Carroll v. Herring,* 180 N. C., 369, 104 S. E., 892. In the case last cited, it is said: "Where real estate is given absolutely to one person, with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void, as repugnant to the absolute property first given." Accordant: *Croom v. Cornelius,* 219 N. C., 761, 14 S. E. (2d), 799; *Hambright v. Carroll,* 204 N. C., 496, 168 S. E., 817; *Lineberger v. Phillips,* 198 N. C., 661, 153 S. E., 118; *Roane v. Robinson,* 189 N. C., 628, 127 S. E., 626; *Fellowes v. Durfey,* 163 N. C., 305, 79 S. E., 621; *Holt v. Holt,* 114 N. C., 241, 18 S. E., 967.

Indeed, it is a general rule of testamentary construction that an unrestricted devise of real estate carries the fee, and a subsequent clause in the will expressing a wish, desire, or even direction for the disposition of what remains at the death of the devisee, is not allowed to defeat the devise, nor limit it to a life estate. *Barco v. Owens, supra.* It is understood, of course, that this rule, as well as all rules of construction, must yield to the paramount intent of the testator as gathered from the four corners of the will. *Jolley v. Humphries,* 204 N. C., 672, 169 S. E., 417. Such was the reason for taking the case of *Hampton v. West,* 212 N. C., 315, 193 S. E., 290, out of the general rule; and for like reason it is distinguishable from the present case.

The construction of the subject will, in accordance with the general rule, is approved.

Affirmed.