CLAUD L. BUCKNER AND WIFE, MARY BUCKNER, v. DeFOIX W. HAW-
KINS AND WIFE, JEAN HAWKINS, INDIVIDUALLY, AND JAMES L. WAG-
NER, EDGAR J. DUCKWORTH, J. D. RAY AND W. T. DUCKWORTH, AS
TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF OLIVER D. REVELL,
DECEASED.

(Filed 9 March, 1949.)

**1. Wills § 33a—**

　　A clause in a will that "I give, devise and bequeath" to named devisee,
described realty, standing alone, constitutes a devise in fee simple.　G.S.
31-38.

**2. Wills § 33i—**

　　A stipulation annexed to a devise in fee that the devisee should not
sell, mortgage or dispose of the realty during his natural life, is void,
since a restraint upon alienation annexed to a devise in fee, even though
the restraint be for a limited time, is void as contrary to public policy.

APPEAL by defendants from *Nettles, J.,* in Chambers, 22 December,
1948, of BUNCOMBE.

Controversy without action submitted pursuant to provisions of G.S.
1-250.

The salient facts pertinent to the controversy involved on this appeal,
as set forth in the agreed statement of facts, may be summarized as
follows:

I.　On 14 December, 1948, plaintiffs Claud L. Buckner and his wife,
Mary Buckner, and defendants DeFoix W. Hawkins and wife, Jean
Hawkins, entered into a written contract for the sale by the Buckners,
and the purchase by the Hawkins of that certain piece or parcel of im-
proved real estate situate in the City of Asheville, County of Buncombe,
State of North Carolina, described as the property devised to said Claud
L. Buckner in and by Clause Twenty-Second of the last will and testa-
ment of Oliver D. Revell, deceased, duly probated, and recorded in the
will records of said county,—it being agreed that Oliver D. Revell died
seized of said real estate, in fee simple and free and clear of all liens and
encumbrances.

II.　Clause Twenty-Second of the last will and testament of Oliver D.
Revell, deceased, under which Claud L. Buckner claims title, reads as
follows:

"Twenty-Second: I give, devise and bequeath to Claud L. Buckner,
of Asheville, North Carolina, my house and lot at 121 Pearson Drive,
being on the East side of said Pearson Drive and on the South side of
the W. H. Brooks home, with a frontage of about 60 feet on Pearson
Drive and a depth of 118 feet back to the East line of said lots; excepting
and reserving from this bequest five (5) feet running Eastwardly and
Westwardly along the North line of said lot; which said strip is hereby

bequeathed to H. W. Brooks and Kathleen Brooks. This property not to be mortgaged, sold or disposed of during the life of said Claud L. Buckner. Also to the said Claud L. Buckner and his mother, jointly, I bequeath anything they may owe to me on their house on Ora Street, in the City of Asheville, North Carolina, at the time of my death. . . ."

"All of these lands are devised and bequeathed to the said Claud L. Buckner with the restriction that the same shall not be sold, mortgaged or disposed of during his natural life. . . ."

III.    Plaintiffs contend that, under the provisions of said Clause Twenty-Second, as set forth in preceding paragraph, Claud L. Buckner acquired a fee simple title to said real estate, in that any restrictions contained in said clause against the transfer of this property by Claud L. Buckner are inconsistent with the fee simple estate devised to him by said clause of said will, and are, therefore, contrary to law and void; and, hence, the deed duly executed by plaintiffs and tendered to defendants, being sufficient in form, conveys a good and merchantable title in fee simple. On the other hand, defendants Hawkins contend that Claud L. Buckner did not acquire, and is unable to convey such title, and for this reason refuse to accept the deed for, and pay the purchase price of said land.

IV.    The defendants James L. Wagner, Edgar J. Duckworth, J. D. Ray and W. T. Duckworth, as trustees of the residuary estate of said Oliver D. Revell, join in the contentions of defendants Hawkins for the purpose of protecting such interest, if any, as the estate of Oliver D. Revell, deceased, may have in said property.

The court, being of opinion and holding (1) that the personal restraints against the alienation of the property, the subject of this controversy are contrary to law and void, (2) that defendants, trustees, have no interest in or legal claim to said property; and (3) that plaintiffs are seized in fee of said property, and are able to convey same in fee, ordered defendants Hawkins to perform their contract of purchase of said real estate.

All defendants appeal therefrom to Supreme Court and assign error.

*Adams & Adams for plaintiffs, appellees.*
*Sale, Pennell & Pennell for defendants, appellants.*

WINBORNE, J.    The judgment below is accordant with well settled principles of law in this State.

The clause "I give, devise and bequeath to Claud L. Buckner . . . my house and lot at 121 Pearson Avenue . . ." standing alone, constitutes a devise in fee simple. G.S. 31-38, formerly C.S. 4162. See also *Elder v. Johnston,* 227 N.C. 592, 42 S.E. 2d 904; *Early v. Tayloe,* 219 N.C. 363,

13 S.E. 2d 609; *Heefner v. Thornton,* 216 N.C. 702, 6 S.E. 2d 506; *Williams v. McPherson,* 216 N.C. 565, 5 S.E. 2d 830, and cases cited.

Moreover, the clauses, "This property not to be mortgaged, sold or disposed of during the life of said Claud L. Buckner" and "All of these lands are devised and bequeathed to the said Claud L. Buckner with the restriction that the same shall not be sold, mortgaged or disposed of during his natural life" are such restraints upon alienation as are contrary to public policy and void. And restraints upon alienation, though for a limited time, annexed to a grant or devise in fee, are void. *Pritchard v. Bailey,* 113 N.C. 521, 18 S.E. 668; *Latimer v. Waddell,* 119 N.C. 370, 26 S.E. 122; *Wool v. Fleetwood,* 136 N.C. 460, 48 S.E. 785, 67 L.R.A. 444; *Christmas v. Winston,* 152 N.C. 48, 67 S.E. 58, 27 L.N.S. 1084; *Lee v. Oates,* 171 N.C. 717, 88 S.E. 889; *Combs v. Paul,* 191 N.C. 789, 133 S.E. 93; *Williams v. Sealy,* 201 N.C. 372, 160 S.E. 452; *Douglass v. Stevens,* 214 N.C. 688, 200 S.E. 366; *Williams v. McPherson, supra,* and cases cited.

Therefore, the devise, stripped of these void clauses, vests in Claud L. Buckner an estate in fee.

The cases *Shuford v. Brady,* 169 N.C. 224, 85 S.E. 303; *Roberts v. Saunders,* 192 N.C. 191, 134 S.E. 451; *Williams v. Rand,* 223 N.C. 734, 28 S.E. 2d 247, relied upon by appellees, are distinguishable from case in hand. Likewise the case of *Ex Parte Watts,* 130 N.C. 237, 41 S.E. 289, also cited by appellee, is distinguishable. See *Brooks v. Griffin,* 177 N.C. 7, 97 S.E. 730.

The judgment below is
Affirmed.