0617

Amelia J. CARSON, Appellant v. Annie Luker Burdette WATKINS, Individually and as Executrix under the Last Will and Testament of Clyde A. Watkins, Respondent.

(339 S. E. (2d) 536)

Court of Appeals

*Harold P. Threlkeld,* of *McIntosh, Threlkeld & Sherard,* Anderson, *for appellant.*

*William C. Hood,* of *Lowery & Hood,* Anderson, *for respondent.*

Heard Oct. 14, 1985.

Decided Jan. 23, 1986.

SHAW, Judge:

Appellant Amelia J. Carson instituted this action against respondent Annie Luker Burdette Watkins under the Uniform Declaratory Judgments Act, S. C. Code Ann. §§ 15-53-10 to -140 (1976). Carson petitioned the court to construe a portion of her aunt's will. Both parties consented to referring the matter to a master. The master found for Watkins. The circuit court affirmed and Carson appeals. We affirm.

Alma Watkins died testate on October 3, 1981. Her will was admitted to probate in common form on October 22, 1981. The portion of her will in dispute provides:

> I hereby bequeath unto my beloved husband, Clyde A. Watkins, all of my property remaining, both real, personal, and mixed, which I may die seized of. He is to have the full power and authority to sell, trade, swap or barter any or all of this property which he may deem necessary for his own welfare, and to carry out the provisions of this will. He is to have the full control of this estate with one exception: Should he remarry at any time after my death, no new mate shall ever have the power or authority to take anything from my husband that was a portion of this estate, nor may she receive any of the money received from the sale of any portion of this estate.

Alma's will further provides if Clyde predeceases her, the entire estate shall go to her niece, Amelia Carson. Clyde married Annie Watkins on February 27, 1982. On July 15, 1982, Clyde died leaving Annie as sole beneficiary under his will. Carson claims ownership of all property, or the proceeds thereof, of Alma's estate vested in her when Clyde remarried. Annie claims Clyde received a fee simple absolute in Alma's entire estate and Carson received no interest. The master found the language of Alma's will creates an absolute gift to Clyde. The master also found the language used in the exception in Alma's will is not indicative of an intent to divest Clyde of any interest in the estate if he remarried. We agree. In fact, the language

contemplates Clyde retaining his interest and seeks to limit the ability of any new spouse to take any property from Clyde. The restrictive language in the exception in Alma's will is ineffective. If it is an attempted restraint on alienation, it is void. If it is just an expression of Alma's wishes, it is only precatory and not binding. *Elder v. Johnston*, 227 N. C. 592, 42 S. E. (2d) 904, (1947). When, from a reading of the entire will, it appears the testatrix's intention was to convey an estate of absolute ownership, language stripping the fee of its legal incidents must be held ineffective. *Shevlin v. Colony Lutheran Church*, 227 S. C. 598, 88 S. E. (2d) 674 (1955). Thus, we find Clyde took a fee simple absolute under Alma's will.

Having held Clyde took a fee simple absolute interest in Alma's entire estate, we need not address Carson's argument that she is entitled to the estate upon Clyde's interest being divested.

Affirmed.

GOOLSBY and LITTLEJOHN, JJ., concur.